OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In general, though as an equitable doctrine its application to particular circumstances is susceptible of some flexibility, to establish a constructive trust there must be provided: (1) a confidential or fiduciary relation, (2) a promise, express or implied, (3) a transfer made in reliance on that promise, and (4) unjust enrichment (Simonds v Simonds, 45 NY2d 233, 241-242; Sharp v Kosmalski, 40 NY2d 119, 121). On the record here, the only showing that any promise had been made would have to be culled from several remarks made by the decedent’s brother Abraham. These, in the form of statements to Joseph and his wife, in the main after the former’s death, went no further than to assert that he would "do the right thing” and "take care of’ decedent’s wife and child. These expressions, though perhaps evidencing some moral obligation, cannot be taken to mean that Abraham was bound to fulfill the expressed intention by applying to that purpose the proceeds of the two insurance policies on which, without interruption, he had been the beneficiary from the time they were written more than a decade earlier. Moreover, the statements contained no reference to the policies. Inasmuch as the constructive trust doctrine serves as a "fraud-rectifying” remedy rather than an "intent-enforcing” one, without more, the circumstances offered by the decedent’s widow were insufficient to establish the promissory element which is essential to the proof of such a trust (Matter of Wells, 36 AD2d 471, 474-475 [Gabrielli, J.], affd 29 NY2d 931).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
*941 Order affirmed, with costs, in a memorandum.