■ JANICE C. DETELS, Respondent, v REPUBLIC NATIONAL BANK OF NEW YORK, as Executor of GRACE CHARLES, Deceased, Appellant. — In an action

to impress a constructive trust upon the estate of Grace Charles, defendant Republic National Bank, as executor of the estate of Grace Charles, appeals from an order of the Supreme Court, Queens County, dated August 7, 1980, which denied its motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, and the motion is granted. It is plaintiff's contention that Grace Charles, the sister and only sibling of plaintiff's deceased mother, was appointed administratrix of the estates of Grace's father and aunt. In such capacity, plaintiff claims, Grace failed to distribute to plaintiff's mother her intestate shares of the two estates. Instead, it is alleged that Grace orally promised plaintiff's mother that such shares would be distributed to her by way of testamentary provision at the time of Grace's death. Plaintiff now seeks to impress a constructive trust upon the assets in the estate of Grace Charles which represent the undistributed intestate shares of the estates of Grace's father and aunt. The imposition of a constructive trust generally depends upon there being (1) a confidential or fiduciary relationship, (2) a promise, express or implied, (3) a transfer made in reliance on that promise, and (4) unjust enrichment *(Bankers Security Life Ins. Soc. v Shakerdge,* 49 NY2d 939). Upon consideration of the proof submitted in support of and in opposition to defendant's motion for summary judgment, it is beyond dispute that there was no promise made by Grace Charles upon which the plaintiff's mother reasonably relied. Plaintiff's allegation in her complaint that Grace Charles promised that the intestate shares would be distributed by way of testamentary provision at the time of Grace's death is belied by plaintiff's own testimony at an examination before trial, where she stated that she did not know of any such promise. In fact, the only statements made by Grace to plaintiff's mother, according to plaintiff, were that the estates would be shared equally. Such statements were made at the time of the deaths of Grace's father and aunt. It is important to note that plaintiff was not present when the statements were made and that proof of the statements necessarily depends upon her testimony regarding conversations with her mother. That the estates would be shared equally was merely a recognition of plaintiff's mother's right to an intestate share (see EPTL 4-1.1), and not a promise that distribution would be postponed to a later date. Plaintiff's mother's proper remedy was a proceeding to compel the payment of her intestate shares (see EPTL 11-1.5). Moreover, it does not appear that she forbore from bringing any such action based upon Grace's alleged oral promise, but rather that she declined to institute legal proceedings due solely to the family relationship. Given the nature of the alleged promise and the absence of any reliance thereon, plaintiff cannot now assert the rights of her mother by seeking the imposition of a constructive trust. Moreover, any claim should have been brought by the personal representative of plaintiff's mother's estate. Titone, J.P., Gulotta, Cohalan and O'Connor, JJ., concur.