■ G. CARVER RICE, INC., Plaintiff, v ANTHONY C. CRAWFORD et al., Defendants and Third-Party Plaintiffs-Appellants. EILEEN N. FANNING, Third-Party Defendant-Respondent. — Appeal (1) from an order of the Supreme Court at Special Term (Dier, J.), entered November 20, 1980 in Essex County, which

granted the third-party defendant's motion for summary judgment, and (2) from the judgment entered thereon. The third-party plaintiffs (Crawfords) contracted with the third-party defendant (Fanning) to purchase certain real property and placed with Fanning a down payment on the purchase price. Pursuant to the contract, if the Crawfords took possession prior to the closing date and made repairs to the premises, Fanning was not required to reimburse the Crawfords in the event the sale was not closed. The Crawfords did take possession prior to the closing date. Thereafter, the Crawfords made a purchase of carpeting and linoleum from plaintiff but failed to timely pay for the goods. Subsequently, the Crawfords and Fanning entered into a second agreement which rescinded the contract of sale and contained a lease of the premises by Fanning to the Crawfords for a term of three months. This agreement also provided for the return of all the down payment, except the sum of $500, to the Crawfords. The agreement further provided that the improvements would become the property of Fanning at the end of the lease. The parties also exchanged general releases. In addition to the general release language, Fanning's release to the Crawfords specifically stated that it applied to the amount of $1,756 then due and owing to plaintiff. The instant action was commenced by plaintiff against the Crawfords to recover the unpaid balance for the carpeting and linoleum. The Crawfords in turn brought a third-party action against Fanning. Plaintiff was granted summary judgment in the main action against the Crawfords. This ruling is not being challenged on this appeal. We are concerned only with the issue of liability between the Crawfords and Fanning, as raised in the third-party action. In that action, Fanning moved for summary judgment contending that the claim was barred by the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 2) and by the general release executed by the Crawfords. Special Term granted the motion for summary judgment, and this appeal ensued. From our reading of the pertinent portions of the General Obligations Law, we are of the opinion that the claim is not barred by this statute which pertains to a special promise to answer for the debt, default or miscarriage of another (General Obligations Law, § 5-701, subd a, par 2). Such is not the situation presented here. The promise here was allegedly made by a party (Fanning) directly to the debtors (Crawfords) to answer for an existing debt that the Crawfords owed to plaintiff. This is clearly not a promise to pay the debt of a third party as contemplated by the statute. Therefore, it does not fall within the meaning of the statute *(Tomaso, Feitner & Lane v Brown,* 4 NY2d 391; *Bassford v Radsch,* 6 AD2d 804; 56 NY Jur, Statute of Frauds, § 46, p 86). As to the second issue raised, we reject the Crawfords' contention that the general release executed by them is invalid for lack of consideration. While an oral release is invalid unless supported by consideration, a written release is valid despite the absence of consideration (General Obligations Law, § 15-303; *Pratt Plumbing & Heating v Mastropole,* 68 AD2d 973). Consequently, the release is enforceable. Such, however, does not resolve this litigation. The release executed by Fanning specifically refers to the debt owed by the Crawfords to plaintiff. This language, which is in addition to the general release language, would tend to support an inference that Fanning had some sort of claim against the Crawfords for the price of the carpeting. It would also explain Fanning's return of less than the full down payment and the Crawfords' contention that there was an oral agreement by Fanning to pay plaintiff for the carpeting. Considering all these circumstances, we are of the opinion that questions of fact are presented rendering summary judgment improper. There should be a reversal. Order and judgment reversed, on the law, with costs, and motion denied. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.