(March 19, 1987)

■ RICHARD G. MANCE, Respondent, v ROBERT N. MANCE et al., Appellants.—Order of the Supreme Court, New York County (Alfred M. Ascione, J.), entered June 16, 1986, granting plaintiff's motion to amend the complaint and denying defendants' cross motion for summary judgment dismissing the complaint, is unanimously reversed, on the law, plaintiff's motion to amend denied and defendants' cross motion for summary judgment granted, without costs.

Plaintiff, in his original complaint, seeks to impose a constructive trust for his benefit on 50% of the stock and assets of defendant Beacon Rental Corp. (hereinafter Beacon), a business solely owned and controlled by his parents. The action is based on the following allegations: (1) he agreed to work for Beacon upon the promise that when his father turned 75 years of age, plaintiff would receive 50% of the shares of the company; (2) he contributed $1,500 toward the business in reliance on this promise; and (3) he agreed to work for a minimal salary in reliance on this promise. Plaintiff also alleges that he guaranteed loans made to Beacon. Defendants deny such promises were made.

In order to impress a constructive trust upon a property interest, four factors are considered: (1) the existence of a fiduciary or confidential relationship; (2) a promise expressed or implied; (3) a transfer in reliance on the promise; and (4) unjust enrichment. *(Sharp v Kosmalski,* 40 NY2d 119, 121.)

Plaintiff has failed to establish two of the above elements, (1) a transfer in reliance on a promise, and (2) unjust enrichment, and no genuine issues of fact remain for trial *(Andre v Pomeroy,* 35 NY2d 361). In *Matter of Wells* (36 AD2d 471, 474, *affd* 29 NY2d 931), the Fourth Department stated: "A constructive trust has been imposed where property is *parted with* on the faith of an oral promise [citation omitted], but none may be imposed by one who has no interest in the property prior to obtaining a promise that such an interest will be given to him".

In the case at bar, plaintiff possessed no prior interest in the company which he relinquished in reliance on the alleged promise. Title to the business was held in defendant father's name and defendant father made all decisions relating to Beacon's operation and management. Plaintiff worked for the company and received a salary and benefits. No partnership papers were ever filed. The $1,500 "contribution" to the business was described by plaintiff himself as a loan, repay-

able on demand and the alleged guaranteeing of loans did not involve any transfer of property by plaintiff. In addition, plaintiff failed to demonstrate that the defendants were unjustly enriched by any transfers made by him in reliance on a promise by defendants.

The motion seeking to amend the complaint to add causes of action for fraud, breach of contract and quantum meruit should have been denied as untimely and meritless. This action was commenced in June 1984 and the answer and counterclaim were served on July 31, 1984. On two occasions, the matter was placed on the Trial Calendar only to be stricken because further discovery was needed. Both plaintiff and his 80-year-old defendant father have been deposed.

As for the proposed action for fraud, the essential elements are insufficiently pleaded. "To plead a prima facie case of fraud the plaintiff must allege representation of a material existing fact, falsity, scienter, deception and injury" and must allege sufficient facts in support of these elements to satisfy CPLR 3016 (b) which requires that "the circumstances constituting the wrong shall be stated in detail" *(Lanzi v Brooks,* 54 AD2d 1057, 1058, *affd* 43 NY2d 778). "A complaint based upon a statement of future intention must allege facts to show that the defendant, at the time the promissory representation was made, never intended to honor or act on his statement." *(Lanzi v Brooks,* 54 AD2d, *supra,* at 1058.) Here, no facts are alleged to show that the defendant father never intended to honor the alleged statement. Instead, the proposed third cause of action alleges that the defendant father represented to plaintiff that when he reached 75 years of age, the father would cause the transfer of 50% of the shares of stock of Beacon to the plaintiff, that this statement was untrue and that, on information and belief, defendant father never intended to make the transfer. As to the breach of contract cause of action, the alleged oral promise would be void under the Statute of Frauds (General Obligations Law § 5-701 [a]). As regards the claim seeking to recover in quantum meruit, plaintiff received compensation for services he rendered to the company. It is undenied that in addition to a salary, plaintiff received fringe benefits such as hospitalization, a car and gasoline, car insurance and maintenance, vacation expenses and other benefits. Thus, there is no merit to the proposed amended complaint. Concur—Murphy, P. J., Sandler, Milonas, Rosenberger and Smith, JJ.