■ PHILIP B. INGLE, Appellant, v GLAMORE MOTOR SALES, INC., et al., Respondents. (Action No. 1.) PHILIP B. INGLE, Respondent-Appellant, v JAMES H. GLAMORE et al., Appellants-Respondents. (Action No. 2.)

The plaintiff in both actions owned a percentage interest in the defendant Glamore Motor Sales, Inc. (a Ford dealership) and he was a director and secretary of the corporation. The remaining individual defendants owned the majority interest in this corporation. The plaintiff was also employed by the corporate defendant as codealer and operating manager. After 19 years of employment, the defendant corporation, through the majority shareholder, James H. Glamore, notified him of his discharge and that James H. Glamore desired to repurchase his shares pursuant to rights under a mandatory repurchase-upon-termination-of-employment agreement of employment entered into by the parties at the outset of their relationship.

We agree with the Supreme Court, Suffolk County, that the plaintiff's claims of an oral agreement not to discharge him without cause are nebulous and without real substance. Clearly, the plaintiff's mere expectation that he was entitled to such an agreement cannot support a determination that

such an agreement actually existed *(see, Kotick v Desai,* 123 AD2d 744; *Gould v Community Health Plan,* 99 AD2d 479).

In addition, the plaintiff's attempt to characterize his employment as being subject to an implied contract to discharge only for good cause is to no avail *(see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458). The plaintiff has failed to demonstrate that he was induced to leave his prior employment with assurances that he could not be discharged except for good cause or that there existed express assurances in any tangible employment records that pertain to his employment. The plaintiff was aware throughout his employment of the possibility that he could be discharged at the will of the defendants since he repeatedly signed agreements which provided for his discharge "for any reason" and for the repurchase of his interest in the corporation at that time.

Contrary to the determination of the Supreme Court, the plaintiff's claim of a breach of fiduciary duty must also fail. The parties were not fiduciaries since the plaintiff's employment was terminable at will and, moreover, a fiduciary duty does not arise out of a shareholders' agreement like the one at bar, where the minority shareholder has assented to a mandatory repurchase-upon-termination-of-employment clause *(see, Bevilacque v Ford Motor Co.,* 125 AD2d 516; *Coleman v Taub,* 638 F2d 628; *Jenkins v Haworth, Inc.,* 572 F Supp 591).

Moreover, the Supreme Court should have dismissed the fifth cause of action in asserted action No. 2. Although the defendants' notice of motion mistakenly omitted mention of this cause of action, the supporting papers clearly refer to it. The court has the power to ignore the mistake where granting the relief would not be a drastic remedy and where the plaintiff would not be prejudiced thereby *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:5, at 72; *see also,* CPLR 2001; *cf., Condon v Condon,* 53 AD2d 622). Clearly, the dismissal of this claim is necessary once it is determined that there exists no agreement as to the term of employment. The plaintiff has failed to demonstrate that he would be prejudiced, since he clearly had notice that dismissal of the fifth cause of action was sought.

Finally, we have considered the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.