Bruce KOPELMAN, Plaintiff,

v.

Stanley KOPELMAN, Defendant.

No. 87 Civ. 7466 (PKL).

United States District Court,
S.D. New York.

April 11, 1989.

Shea & Gould, New York City (Resa Goldstein, of counsel), for plaintiff.

Jaffe, Fazio & Moustakis, New York City (Bernard J. Jaffe, of counsel), for defendant.

## OPINION AND ORDER

LEISURE, District Judge.

In one sense this action is a complex commercial dispute that is superficially similar to many of the cases that comprise the staple of the large civil actions on this Court's docket. There is a compelling human element in this lawsuit, however, of a type not commonly found in the disputes that this Court is called upon to resolve. Plaintiff Bruce Kopelman ("Bruce") is the son of defendant Stanley Kopelman ("Stanley").

The father and son contest the ownership of a valuable piece of real property located at 39 White Street, New York, New York ("39 White Street" or "the property"). The action is presently before the Court on the defendant's motion for summary judgment. As indicated below, that motion is denied.

*Background*

The basic nature of the action can be briefly summarized. In 1978, Bruce moved to the New York area and established a textile company, Bruce Kopelman Industries, Inc. ("the business" or "Bruce Kopelman Industries"). Prior to that, Bruce had been employed in the Boston area with his father's textile business. Bruce's parents loaned him $50,000 to help with start-up costs for the new company.

During this same period, Stanley decided to dissolve his Boston textile concern. In late 1978, Bruce invited Stanley to work with him in New York at Bruce Kopelman Industries, and Stanley accepted that invitation. While the dissolution of Stanley's Boston business was proceeding, Stanley commuted between Boston and New York. In early 1979, however, Stanley and his wife Barbara (Bruce's mother) moved to New York.

Bruce and Stanley agreed that each would receive an identical salary from operation of the New York business. Bruce Kopelman Industries paid for defendant's apartment in New York.

The business moved to the 39 White Street location as a tenant in early 1979, and shortly thereafter the Kopelmans learned that the property was for sale. The owner of the building informed the Kopelmans that sale to another party would mean that the business would have to relocate. As the business had just moved to 39 White Street, and purchase of the property seemed like a good investment, the Kopelmans began to investigate acquisition of the property.

Discussions were initially held between plaintiff, defendant and Stanley Spiegler, Esq. ("Spiegler"), the attorney who was retained for the purchase transaction, concerning the proper entity to take title to the property. Following these discussions, Bruce executed a business certificate, certifying that he was conducting business as "BK Realty." Title to the property was taken in the name of "Bruce Kopelman ... doing business as BK Realty." Exhibit E, attached to Affidavit of Bruce Kopelman, sworn to on November 14, 1988 ("Bruce Affidavit").

Plaintiff and defendant differ in their versions of the purchase of the property, the financing of the purchase, and the subsequent ownership of the property. These disputed factual matters preclude summary judgment.

Basically, plaintiff contends that he learned of the availability of the property himself, agreed with Stanley that each would hold a fifty percent interest in the property, retained Spiegler for the transaction, and that the property was acquired in his name. *See generally*, Bruce Affidavit, ¶¶ 12–30.

Stanley asserts that it was he who learned of the availability of the property, signed the contract to purchase the property in his own right, and merely designated Bruce as his "nominee" in the purchase transaction. *See generally* Affidavit of Stanley Kopelman, sworn to on October 20, 1988, ¶¶ 8–16.

Several months after the closing on May 16, 1979, the title to the property was transferred from Bruce's name to Stanley's. The circumstances surrounding that transfer, namely alleged oral promises, reliance, and understandings by the parties, are vigorously disputed. *See* Bruce Affidavit, ¶ 24; Stanley Affidavit ¶ 14. Plaintiff asserts that Stanley suggested that Bruce transfer the property to Stanley, so that Bruce's interest would be secure in the event of bankruptcy or divorce. In alleged reliance on that assurance, the title was transferred. This contrasts with Stanley's position that the transfer simply reflected the parties' original intent with regard to the purchase transaction, wherein Bruce was merely the nominee of Stanley.

In any event, the parties worked together for the next several years, operating Bruce Kopelman Industries and managing the 39 White Street property. Toward the end of 1985, Stanley indicated his plans to retire to Florida, and Bruce indicated a decision to discontinue the textile business. The parties attempted to put their finances in order, to sort out the various loans that had been made over the years, and to resolve their interests in the property.

The father and son could not agree upon disposition of the property. Stanley denied Bruce's ownership interest in the property, and this unfortunate lawsuit was commenced.

*Discussion*

Plaintiff initiated this action in New York Supreme Court, New York County, seeking, *inter alia;* 1) to impose a constructive trust upon the property, to have the defendant declared a trustee holding one half of the legal title to the property, and to have a deed executed by defendant conveying a half interest to plaintiff; 2) to require defendant to account for and pay one half of the rents and income received; 3) to enjoin disposition of the property by defendant; and 4) to reform the current deed. Plaintiff also filed a notice of pendency, pursuant to CPLR § 6501, with the Clerk of the County of New York. Defendant removed the action in October of 1987, invoking the diversity jurisdiction of this Court.

A cursory examination of the present dispute indicates that its resolution will necessarily depend upon determinations by a trier of fact. In light of the applicable standards, therefore, summary judgment is clearly inappropriate.

Initially, the defendant has the burden of informing the Court of the nature and basis of his motion, and to "identif[y] those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [he] believe[s] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Defendant's papers do not come close to meeting that threshold burden here. Defendant has made wholesale submissions of the records relating to the transactions at issue, and the entire deposition transcript of plaintiff. *See* Exhibits C–M, attached to Stanley Affidavit. Defendant then relates his own unsupported version of the events, without citation to any factual authority. *See,* Defendant's Memorandum of Law in Support of Motion for Summary Judgment, pp. 2–9.

Summary judgment under Fed.R. Civ.P. 56(c) is a "harsh remedy," *FLLI Moretti Cereali v. Continental Grain Co.,* 563 F.2d 563, 565 (2d Cir.1977), and will only be granted where "there are no unresolved factual disputes as to issues material to the outcome of the litigation." *The King Service, Inc. v. Gulf Oil Company,* 834 F.2d 290, 295 (2d Cir.1987). As indicated above, the moving party initially bears the burden of demonstrating the absence of a material issue of fact, although it need not *negate* the opponent's claim. *Celotex, supra,* 477 U.S. at 322–325, 106 S.Ct. at 2552–2554.

If this initial showing is made, it becomes the non-moving party's burden "to set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 at 250, 106 S.Ct. 2505 at 2511, 91 L.Ed.2d 202 (1986); *King Service Inc.,* 834 F.2d at 295. In ascertaining whether there are material issues to be tried, the Court must "resolv[e]

ambiguities and draw[ ] reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–250, 106 S.Ct. 2505, 2509–2511, 91 L.Ed.2d 202 (1986)), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987); *see also Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir.1985). If a material factual issue may only be determined by a *trier* of fact, namely, if the material issue could reasonably be resolved in favor of either party, summary judgment is not proper.

The substantive law governing the case will determine those facts which are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.... [i]t is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The Court's function in a summary judgment motion is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. *See also R.C. Bigelow, Inc. v. Unilever N.V.*, 867 F.2d 102 (2d Cir.1989); *Heyman v. Commerce & Indus. Ins.*, 524 F.2d 1317 (2d Cir.1975).

■ The substantive law in this case involves the constructive trust which plaintiff seeks to impress upon the property. The parties are in basic agreement over the legal requisites for such relief in New York[1], namely; 1) a confidential or fiduciary relationship; 2) a promise, express or implied; 3) a transfer made in reliance on that promise; and 4) unjust enrichment. *Banker's Security Life Insurance Society v. Shakerdge*, 49 N.Y.2d 939, 940, 428 N.Y.S.2d 623, 406 N.E.2d 440 (1980); *Sharp v. Komalski*, 40 N.Y.2d 119, 121, 386 N.Y.

S.2d 72, 351 N.E.2d 721 (1976). *See generally Beatty v. Guggenheim Exploration Co.*, 225 N.Y. 380, 122 N.E. 378 (1919) (Cardozo, J.).

■ The existence of a fiduciary relationship is conceded in the present case, but genuine factual disputes exist with regard to the other material elements of the action.

The documentary evidence could reasonably support plaintiff's contention that there was an oral promise by the defendant that each party would share a one-half interest in the property. Whether a promise can be inferred from circumstances surrounding the transfer of property may in some cases be determined as a matter of law, but "[i]dentifying the circumstances that surround the transfer, however, involves determinations of factual questions." *Brand v. Brand*, 811 F.2d 74, 78 (2d Cir.1987). As indicated above, vigorous factual disputes exist with regard to the events surrounding the transfer, and these disputes preclude a present determination that there was no promise. Similarly, on the present record the Court cannot, as a matter of law, make a determination that there was no reliance or unjust enrichment.

■ Defendant also seeks summary judgment on the basis that plaintiff's action is barred by the statute of frauds. The statute of frauds, however, "does not obstruct the recognition of a constructive trust affecting an interest in land where a confidential relationship would be abused if there were repudiation, without redress, of trust orally declared." *Forman v. Forman*, 251 N.Y. 237, 240, 167 N.E. 428 (1929). *See also Molony v. Weingarten*, 118 A.D.2d 836, 500 N.Y.S.2d 320, 322 (2d Dep't 1986), *appeal denied*, 69 N.Y.2d 608, 516 N.Y.S.2d 1023, 509 N.E.2d 358 (1987) ("Statute of Frauds is no defense in an action to impress a constructive trust upon real property.") Defendant cites *Higgins v. Normile*, 130 A.D.2d 828, 515 N.Y.S.2d

---

1. In actions where a Federal District Court acquires jurisdiction by virtue of diversity of the parties, the Court applies the substantive law of the state in which it sits. *Brand v. Brand*, 811 F.2d 74, 77 (2d Cir.1987). The parties, and therefore the Court, agree that New York law applies. *See Gelb v. Royal Globe Insurance Co.*, 798 F.2d 38, 44 n. 5 (2d Cir.1986), *cert. denied*, 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987).

148 (3d Dep't 1987) in support of summary judgment on statute of frauds grounds. That case, unlike this one, dealt with the validity of an oral promise made *subsequent* to the creation of the property interest. Here, the alleged oral promise is the asserted basis of the constructive trust, and is thus not barred by the statute of frauds.

Finally, defendant briefly raises a statute of limitations ground for summary judgment. The parties agree that under New York law an action to impress a constructive trust is governed by the six year period provided under CPLR § 213(1). That six year period "runs from the occurrence of the wrongful act or event which creates a duty of restitution." *Dolmetta v. Uintah National Corp.*, 712 F.2d 15, 18 (2d Cir.1983) (citations omitted).

 Defendant apparently urges that the 1979 purchase of the property was somehow the wrongful act which gave rise to a restitution duty. Plaintiff's position, however, is that the six year period began to run upon defendant's 1985 repudiation of the alleged oral agreement. At the very least, there are factual issues relative to the commencement of the limitations period. The statute of limitations does not support summary judgment for the defendant.

### CONCLUSION

Defendant's motion for summary judgment is denied in its entirety. Counsel for the parties are ordered to appear in Courtroom 36 for a final status conference on May 12, 1989 at 3:00 p.m., to discuss pretrial order requirements.

SO ORDERED