■ HAROLD J. BARNES, Appellant, v ELEANOR BYRNES, Respondent.—In an action, *inter alia,* for the imposition of a constructive trust, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Corso, J.H.O.), entered October 6, 1987, which is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The parties, who were married and separated from their respective spouses, met in 1973 and lived together from 1974 to 1978. During that time the defendant, who had a history of investing in real estate, purchased two parcels of property in Suffolk County. The plaintiff contends that a constructive trust should be impressed on these properties for his benefit because the parties had agreed to become joint venturers in real estate. The plaintiff also seeks damages for the value of work, labor and services that he performed on those properties during the period of time when the parties were living together.

The evidence demonstrated that an agreement to be joint venturers was never made. The evidence showed, for example, that the plaintiff, who worked as a steamfitter, earned a modest salary which was insufficient to meet his own expenses and pay child support and alimony to his former wife, and from which no funds could be made available for real estate investments. The defendant and her children, on the other hand, were recipients of a significant insurance settlement and, in addition, the defendant had received a substantial amount of stock as a result of a separation agreement with her former husband.

The Supreme Court credited the testimony of the defendant and her witnesses and found that the plaintiff "utterly failed to meet his burden of proof". Such determinations based on credibility are entitled to be given great weight by this court. Moreover, we agree with the Supreme Court that the plaintiff did not prove there was a promise and a transfer in reliance on that promise *(see, Sharp v Kosmalski,* 40 NY2d 119, 121), without which a constructive trust will not be imposed *(see, Scivoletti v Marsala,* 61 NY2d 806, 808).

We further agree with the Supreme Court that the plaintiff did not prove he is entitled to receive the fair market value of his labor in repairing and improving the defendant's properties since he expended this labor as a result of the parties' relationship during the period they lived together rather than pursuant to an express agreement. Absent proof that such an agreement was made by the parties, the plaintiff may not recover for the value of his labor *(see, Morone v Morone,* 50 NY2d 481). Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.