■ DIANA M. CORTO, Respondent, v FUJISANKEI COMMUNICATIONS INTERNATIONAL, INC., et al., Appellants.—Order, Supreme Court, New York County (William J. Davis, J.), entered on or about February 15, 1991, which, to the extent appealed from, denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), is unanimously affirmed, with costs.

Plaintiff is a television producer who allegedly devised a unique program and format targeted for Japanese audiences that she proposed be transmitted directly to Japan from New York via satellite. Plaintiff alleges that she presented her proposal to the defendant Fujisankei Communications International, Inc. through their New York representative, Hiroshi Oto, and performed various acts on behalf of Fujisankei toward the end of producing and airing the program; that Oto never informed Fujisankei that plaintiff was the "Creator and Producer" of the program; and that Fujisankei began broadcasting the show without her consent and without compensating her or giving her credit as creator and producer, as plaintiff alleges Fujisankei, through Oto, agreed to do. These allegations suffice to make out causes of action for implied contract, unjust enrichment and misappropriation, regardless of whether the theory be that of a reverse unilateral contract *(see,* Calamari and Perillo, Contracts § 2-10, at 70 [3d ed]), which became binding upon plaintiff's performance as posited by IAS, or a conditional promise which became binding upon performance or defendants' acceptance and use of plaintiff's program *(see,* 1 Williston, Contracts § 106, at 427 [3d ed]). In addition, for the reasons stated by IAS, it properly denied that branch of defendants' motion for dismissal of the complaint as against defendant Oto. We have considered defendants' remaining arguments and find them to be without merit. Concur —Ellerin, J. P., Wallach, Ross, Asch and Smith, JJ.