**William Edwin VAN BRUNT, III, Plaintiff**

**v.**

**Robert RAUSCHENBERG, Defendant.**

**No. 91 Civ. 5662 (JSM).**

United States District Court,
S.D. New York.

July 9, 1992.

Judith E. Siegel–Baum, Jaffe & Asher, New York City, for plaintiff.

Robert J. Kheel and William J. Borner, Willkie Farr & Gallagher, New York City, for defendant.

## MEMORANDUM OPINION
## AND ORDER

MARTIN, District Judge.

Plaintiff William Edwin Van Brunt, III ("Van Brunt") commenced this action against Defendant Robert Rauschenberg ("Rauschenberg"), a world renown artist, alleging, inter alia, breach of contract and conversion and replevin. Previously, this Court dismissed the complaint with leave to replead. Defendant Rauschenberg now moves, for the second time, for a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## FACTUAL BACKGROUND

Van Brunt met Rauschenberg in New York City in 1968 and the two maintained in a continuous personal and business relationship until July 1990. The two spent substantial amounts of time together for purposes of business and pleasure. Van Brunt alleges that throughout their twenty-two year relationship, he assisted Rauschenberg in creating sculptures, photographs, drawings, paintings, print editions, mock-ups for posters, advertisements, magazine covers, catalogues, and books.

In his amended complaint, Van Brunt alleges that Rauschenberg repeatedly promised to provide him with various examples of each of the production phases of work created. Additionally, Rauschenberg allegedly promised Van Brunt that he would (1) pay his living expenses; (2) reimburse his business expenses; (3) pay Van Brunt's income taxes.

Before the Court is Van Brunt's amended complaint, alleging actions in contract, unjust enrichment, promissory estoppel, constructive trust, conversion and replevin. Once again, Rauschenberg moves to dismiss the complaint for failure to state a claim.

## DISCUSSION

■ A dismissal under 12(b)(6) for failure to state a claim should be granted only in certain limited circumstances. As the Second Circuit has stated:

> To dismiss a complaint for failure to state a claim upon which relief can be granted, a court must accept plaintiff's allegations at face value, ... must construe the allegations in the complaint in plaintiff's favor, ... and must dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Rapf v. Suffolk County of New York,* 755 F.2d 282, 290 (2d Cir.1985) (citations omitted). *See also Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Allen v. Westpoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991); *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991);

*Schmid, Inc. v. Zucker's Gifts,* 766 F.Supp. 118, 121 (S.D.N.Y.1991).

### 1. The Breach of Contract Claim

■ The essential elements to pleading a breach of contract under New York law are the making of an agreement, due performance by the plaintiff, breach by the defendant, and damage suffered by the plaintiff. *See Stratton Group, Ltd. v. Sprayregen,* 458 F.Supp. 1216, 1217 (S.D.N.Y.1978). Under Fed.R.Civ.P. 8(a)(2), the elements of a claim for a breach of contract need not be separately pleaded. All that is necessary is a concise and plain statement of the claim showing that the pleader is entitled to relief. *Nordic Bank, PLC v. Trend Group, Ltd.,* 619 F.Supp. 542, 561 (S.D.N.Y.1985).

Despite Van Brunt's ostensible compliance with pleading requirements, Rauschenberg argues that dismissal is nevertheless proper. First, Rauschenberg argues that dismissal is proper in that implied contracts arising out of personal relationships are not recognized in New York. Second, Rauschenberg contends that the alleged express promises are not sufficiently certain or specific to be enforceable. Third, Rauschenberg argues that parts of the contract claim must be dismissed as lacking in consideration or being barred by the statute of limitations and the statute of frauds.

■ Rauschenberg's argument that implied contracts arising out of personal relationships are not recognized in New York is quite simply irrelevant. While it is true that New York does not recognize such implied contracts, *see, e.g., Morone v. Morone,* 50 N.Y.2d 481, 429 N.Y.S.2d 592, 413 N.E.2d 1154 (1980); *Trimmer v. Van Bomel,* 107 Misc.2d 201, 434 N.Y.S.2d 82 (Sup.Ct.N.Y.County 1980), *aff'd mem.,* 82 A.D.2d 1023, 441 N.Y.S.2d 762 (1st Dep't 1981), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1774, 72 L.Ed.2d 178 (1982), the plaintiff here does not seek to recover under an implied contract theory. Rather, Van Brunt alleges that various express agreements existed between him and Rauschenberg. In *Morone,* the New York Court of Appeals expressly reaffirmed the "long ac-

cepted ... concept that an express agreement between unmarried persons living together is as enforceable as though they were not living together ... provided only that illicit sexual relations were not 'part of the consideration of the contract' " (citations omitted).[1] *Morone*, 429 N.Y.S.2d at 594, 413 N.E.2d at 1156. This is not a case involving an illicit sexual relationship. Nor is it a case where the services provided were of the type usually rendered gratuitously. *See, e.g., Trimmer*, 434 N.Y.S.2d at 85 (plaintiff provided companionship only). As such, an express agreement between Van Brunt & Rauschenberg is enforceable under New York law.

■ Rauschenberg next argues that the amended complaint fails to identify any agreement sufficiently definite to be enforceable. The argument is without merit. In his amended complaint, Van Brunt alleges that Rauschenberg agreed to (1) pay Van Brunt's living expenses; (2) reimburse business expenses incurred by Van Brunt on behalf of Rauschenberg; (3) annually supply Van Brunt with two drawings and two paintings destined for exhibition from each of the series of works that Rauschenberg and Van Brunt worked on; (4) provide Van Brunt with one of each edition and two of each multiple or poster that Rauschenberg and Van Brunt worked on together; (5) pay Van Brunt's income taxes; and (6) transfer to Van Brunt the property on Captiva Island known as the "Fish House." In consideration for these promises, Van Brunt alleges that he promised not only to devote his life, both personally and professionally, to Rauschenberg, but also to perform various duties, including coordinating exhibitions and providing administrative services. As such, the amended complaint sufficiently sets forth a cause of action for breach of contract and the motion to dismiss must fail. *Accord Kelley v. Galina-Bouquet, Inc.*, 155 A.D.2d 96, 552 N.Y.S.2d 305, 306 (1st Dep't 1990) (finding wife's breach of contract claim against husband sufficient where complaint alleged substantial business dealings prior to and during marriage).

■ This is not to say that the contract claims are to be sustained in their entirety. Specifically, Rauschenberg notes that some of the claims are for past consideration[2] and others are barred by the statute of limitations and the statute of frauds. It is elementary that "past consideration is no consideration." *Raymond Babtkis Assocs., Inc. v. Tarazi Realty Corp.*, 36 A.D.2d 694, 318 N.Y.S.2d 798 (1st Dep't 1971); 21 N.Y.Jur.2d, Contracts § 108 at 519 (1982). While past services may constitute valid consideration where there is a written agreement signed by the promisor, N.Y.Gen.Oblig.Law § 5–1105; *Sarama v. John Mee, Inc.*, 102 Misc.2d 132, 422 N.Y.S.2d 582 (1979), the existence of a written agreement is not pleaded. Accordingly, the claims based on past consideration must be dismissed.

■ Similarly, other promises are barred by the statute of frauds and the applicable statute of limitations. Most notably, the allegations that Rauschenberg promised to transfer real property located in Captiva, Florida to Plaintiff must be dismissed since a promise to convey real property must be in writing to be enforceable.[3] N.Y.Gen.Oblig.Law § 5–703 (McKinney 1989); *Jonestown Place Corp. v. 153 W. 33rd St. Corp.*, 53 N.Y.2d 847, 440 N.Y.S.2d 175, 422 N.E.2d 820 (1981). However, the allegations that Rauschen-

1. Contrary to Rauschenberg's contention, the New York Court of Appeals specifically held that whether the services contracted for were of a personal or commercial nature was irrelevant (as long as not exclusively sexual) where the agreement is express. *Morone*, 429 N.Y.S.2d at 595, 413 N.E.2d at 1157.

2. For example, Van Brunt alleges that in 1980 he was instrumental in helping Defendant settle a dispute. (Am.Cplt. ¶ 17) Afterwards, Plaintiff alleges "Rauschenberg, in consideration for the results achieved through Van Brunt's efforts, agreed to provide" Plaintiff with artwork. Similarly, Plaintiff alleges that in early 1969 he worked with Defendant on six drawings called the "Body Series" and that, after the series was exhibited, Defendant promised to provide Plaintiff with a drawing. (Am.Cplt. ¶ 7).

3. Recognizing this defect, Van Brunt does not press this claim in his amended complaint or in his opposition to the motion to dismiss.

# 1472

berg promised to pay Van Brunt's tax obligations should not be dismissed. While a promise to "answer for the debt ... of another person" must be in writing to be enforceable by a creditor, *see* N.Y.Gen. Oblig.Law § 5–701(a)(2) (McKinney 1989); *Posner v. Minnesota Mining & Mfg. Co.,* 713 F.Supp. 562, 564 (E.D.N.Y.1989), such a promise need not be in writing to be enforceable by the debtor.[4] *G. Carver Rice, Inc. v. Crawford,* 84 A.D.2d 866, 444 N.Y.S.2d 748, 749 (1981); Farnsworth, *Contracts* 2d § 6.3, p. 102 (1990); Calamari and Perillo, *Contracts* (2d ed.), § 19–5, p. 683 (1977).

 Other claims are barred by the statute of limitations. In New York, breach of contract claims must be brought within six years from the time of the breach. N.Y.Civ.Prac.L. & R. § 213 (McKinney 1988); *Barr v. McGraw–Hill, Inc.,* 710 F.Supp. 95, 98 (S.D.N.Y.1989). As such, the promises Van Brunt alleges as dating from 1969, 1979, 1982, and 1983 must be dismissed as time-barred.[5]

It is noted that many of the contract allegations are too ambiguous to determine whether consideration was past or present. Other allegations fail to provide dates, making it difficult to ascertain whether or not they are barred by the applicable statute of limitations. While we are mindful that an order for a more definite statement should not serve as a substitute for discovery, we are also mindful that this is the second time the Plaintiff has appeared before the Court with vague allegations. Accordingly, pursuant to Fed.R.Civ.P. 12(e), we order the Plaintiff to file a new complaint containing concise paragraphs describing each promise, the date of the promise, the relevant consideration, and the

specific damage resulting from the breach. In drafting the new complaint, Plaintiff is instructed to take cognizance of this Court's determinations. Claims which are for past consideration or are time-barred should not be re-alleged.

Plaintiff's new complaint should be filed within fifteen (15) days of the date of this opinion and order. Failure to comply with the terms of this opinion may result in the imposition of sanctions.

### 2. The Unjust Enrichment Claim

 Rauschenberg next argues that Van Brunt fails to state a claim for unjust enrichment.

 To maintain a cause of action for unjust enrichment, a plaintiff must demonstrate that a) the defendant has been enriched; b) the enrichment was at the plaintiff's expense; and c) defendant's retention of the benefit would be unjust. *Hutton v. Klabal,* 726 F.Supp. 67, 72 (S.D.N.Y.1989); *Mayer v. Bishop,* 158 A.D.2d 878, 551 N.Y.S.2d 673 (3d Dep't), *appeal denied,* 76 N.Y.2d 704, 559 N.Y.S.2d 983, 559 N.E.2d 677 (1990).

Here, Van Brunt alleges that Rauschenberg used Van Brunt's photographs, audiotapes and videotapes and thus contributed to the creation of art that has provided Rauschenberg with vast sums of money. Van Brunt alleges that he was solely responsible for the production of videotapes used by Rauschenberg in the ROCI exhibitions. Van Brunt further alleges that he was never properly compensated for the use of this property. Given the liberal pleading requirements under the Federal Rules, it is clear that Van Brunt's allegations are sufficient to state a claim for

---

**4.** Specifically, a surety agreement need not be in writing if "the promisee had no reason to know that the promisor was acting as a surety, or when the duties of the principal and surety are joint, or where the promise is made to the principal." *Martin Roofing, Inc. v. Goldstein,* 60 N.Y.2d 262, 469 N.Y.S.2d 595, 596, 457 N.E.2d 700, 701 (1983). Here, the promise was made directly to Van Brunt, the principal.

**5.** Van Brunt attempts to avoid the harshness of the statute of limitations by alleging that Raus-

chenberg orally "reconfirmed" these promises within the last six years. (*See, e.g.,* Am.Cplt. ¶¶ 7, 10, 17, 19). However, New York requires that reconfirmations of promises be in writing. N.Y.Gen.Oblig.Law § 17–101 (McKinney 1989); *Dillon v. Peretti,* 176 A.D.2d 497, 574 N.Y.S.2d 564, 565 (1st Dep't 1991); *Scheuer v. Scheuer,* 308 N.Y. 447, 452, 126 N.E.2d 555 (1955). Because the reconfirmations were not in writing, the statute of limitations is not avoided and these claims are time-barred.

unjust enrichment. *Cf. Corto v. Fujisankei Communications Int'l, Inc.*, 177 A.D.2d 397, 576 N.Y.S.2d 139, 140 (1st Dep't 1991) (plaintiff's allegations that she created and helped produce a unique Japanese television show without credit or recompense sufficient to state a claim for unjust enrichment).

*3. The Promissory Estoppel Claim*

 The elements of a promissory estoppel claim are a) a clear and unambiguous promise; b) reasonable and foreseeable reliance by the party to whom the promise is made; and c) an injury sustained by the party asserting the estoppel by reason of his reliance. *Ripple's of Clearview, Inc. v. Le Havre Assocs.*, 88 A.D.2d 120, 452 N.Y.S.2d 447, 449 (2d Dep't), *appeal denied*, 57 N.Y.2d 609, 456 N.Y.S.2d 1026, 442 N.E.2d 1277 (1982). While Van Brunt has alleged each element of promissory estoppel, the claim is nevertheless dismissed. This is because New York does not recognize promissory estoppel as a valid cause action when raised in the employment context. *Dalton v. Union Bank of Switzerland*, 134 A.D.2d 174, 520 N.Y.S.2d 764, 766 (1st Dep't 1987); *Pancza v. Remco Baby, Inc.*, 761 F.Supp. 1164, 1172 (D.N.J. 1991) (applying New York law, "promises surrounding an employment relationship are insufficient to state a cause of action for promissory estoppel"); *Kelly v. Chase Manhattan Bank*, 717 F.Supp. 227, 235–36 (S.D.N.Y.1989); *Tribune Printing Co. v. 263 Ninth Ave. Realty*, 88 A.D.2d 877, 452 N.Y.S.2d 590, 593 (1st Dep't 1982) ("In New York [promissory estoppel] is reserved for a limited class of cases based on unusual circumstances"). Accordingly, the motion to dismiss as to the promissory estoppel claim is granted.

*4. The Conversion and Replevin Claims*

 Rauschenberg next moves for dismissal of the conversion and replevin claims, arguing that they are preempted by the work-for-hire doctrine.[6]

 To state a claim for conversion under New York law, a plaintiff must allege that he has "an immediate superior right of possession to a specific identifiable thing and that a defendant with intent to interfere with such ownership or possession exercised dominion or actually interfered with the property to the exclusion of or in defiance of the plaintiff's rights." *Kahn v. Crames*, 92 A.D.2d 634, 459 N.Y.S.2d 941 (3d Dep't 1983). Similarly, to establish a cause of action in replevin, the owner of the property must demonstrate that he has an immediate and superior right to possession of the chattel including proof of ownership.

There is some case law suggesting that claims for conversion and replevin are preempted by operation of the work-for-hire provision of the federal copyright law. 17 U.S.C. § 301(a); *The Gordy Company v. Mary Jane Girls, Inc.*, No. 86–6814, 1989 WL 149290 (S.D.N.Y. Dec. 6, 1989) (LEXIS, Genfed library, Dist file) ("A copyright claim based on a common law conversion is preempted by the federal copyrights laws."). *Cf. Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 231, 84 S.Ct. 784, 789, 11 L.Ed.2d 661 *reh'g denied*, 376 U.S. 973, 84 S.Ct. 1131, 12 L.Ed.2d 87 (1964). Here, however, the applicability of the work-for-hire doctrine has yet to be determined. While a cursory review of the factors enunciated in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989) suggests that the work performed by Van Brunt was work for hire, a dispositive determination at this time, prior to any relevant discovery, would be premature.

*5. The Constructive Trust Claim*

 Finally, Rauschenberg asserts that the amended complaint fails to set forth the elements necessary to establish a claim for constructive trust and as such this claim should be dismissed.

---

**6.** In general, the work-for-hire doctrine provides that work prepared by an employee within the scope of his employment belongs to the employer. *See generally* W. Patry, *The Copyright Law*, 114–25 (6th ed. 1986).

A constructive trust will be imposed where "property has been acquired in such circumstances that the holder of legal title may not in good conscience retain the beneficial interest." *Caballero v. Anselmo*, 759 F.Supp. 144 (S.D.N.Y.1991) (quoting *Beatty v. Guggenheim Exploration Co.*, 225 N.Y. 380, 386, 122 N.E. 378, (1919)); *Scull v. Scull*, 94 A.D.2d 29, 462 N.Y.S.2d 890, 895 (1st Dep't 1983), *aff'd*, 67 N.Y.2d 926, 502 N.Y.S.2d 135, 493 N.E.2d 238 (1986).

Four elements must be set forth before New York courts will impose a constructive trust: (1) a confidential or fiduciary relationship; (2) a promise or agreement, express or implied; (3) a transfer in reliance upon such promise or agreement; and (4) unjust enrichment resulting therefrom. *Lines v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 743 F.Supp. 176 (S.D.N.Y. 1990); *Kopelman v. Kopelman*, 710 F.Supp. 99, 102 (S.D.N.Y.1989); *Hutton v. Klabal*, 726 F.Supp. 67, 73 (S.D.N.Y.1989); *Bankers Sec. Life Ins. Soc. v. Shakerdge*, 49 N.Y.2d 939, 428 N.Y.S.2d 623, 406 N.E.2d 440 (1980); *Sharp v. Kosmalski*, 40 N.Y.2d 119, 386 N.Y.S.2d 72, 351 N.E.2d 721 (1976).

The facts alleged in the complaint cannot support a constructive trust theory for two reasons. First, Van Brunt has not alleged a confidential relationship sufficient to satisfy the first requirement for a constructive trust. As case law makes clear, a close relationship between an employer and employee is not enough. *Cf. Ingle v. Glamore Motor Sales, Inc.*, 140 A.D.2d 493, 528 N.Y.S.2d 602, 604 (2d Dep't 1988), *aff'd*, 73 N.Y.2d 183, 538 N.Y.S.2d 771, 535 N.E.2d 1311 (1989). *See also Rochester Radiology Assocs., P.C. v. Aetna Life Ins. Co.*, 616 F.Supp. 985, 989 (W.D.N.Y.1985) ("[i]f the relationship is not of a confidential or fiduciary nature, so 'pregnant with opportunity for abuse and unfairness' as to require equity to intervene and scrutinize the transaction, a constructive trust cannot be imposed"). What seems to be required is some type of marital, quasi-marital, or family relationship. *See, e.g., Bankers Sec. Life Ins. Soc. v. Shakerdge*, 49 N.Y.2d 939, 428 N.Y.S.2d 623, 406 N.E.2d 440 (1980); *Simonds v. Simonds*, 45 N.Y.2d 233, 408 N.Y.S.2d 359, 380 N.E.2d 189 (1978). Because Van Brunt has not alleged a marital, quasi-marital, or family relationship, this claim under a constructive trust theory is defective on its face.[7]

Additionally, this constructive trust theory fails since the Plaintiff has not alleged that he transferred any property to the Defendant in reliance of a promise. Without a transfer of property in reliance of a promise or agreement, there cannot be a constructive trust. For example, in *Stephan v. Shulman*, 130 A.D.2d 484, 515 N.Y.S.2d 67 (2d Dep't 1987), the court refused to impose a constructive trust between a quasi-married couple on the ground that the plaintiff had not alleged that she had transferred any property in reliance of a promise by the defendant, nor did she have a prior interest in the property. As such, the court concluded that the elements necessary for the imposition of a constructive trust had not been set forth. *See also, Caballero*, 759 F.Supp. at 147–48; *Barnes v. Byrnes*, 153 A.D.2d 831, 545 N.Y.S.2d 342 (2d Dep't 1989); *Mance v. Mance*, 128 A.D.2d 448, 513 N.Y.S.2d 141 (1st Dep't), *appeal denied*, 70 N.Y.2d 668, 518 N.Y.S.2d 961, 512 N.E.2d 544 (1987).

Conceding the difficulty in establishing these elements, Van Brunt nevertheless argues that the constructive trust claim should not be dismissed. Van Brunt suggests that the constructive trust factors are primarily guidelines, since the constructive trust doctrine may adapt to novel means of unjust enrichment. *Reiner v. Reiner*, 100 A.D.2d 872, 474 N.Y.S.2d 538, 540–41 (2d Dep't 1984). Furthermore, "a constructive trust may be found even in the absence of the prerequisites when ... equity and common sense require." *S.E.C. v. Levine*, 689 F.Supp. 317, 323 (S.D.N.Y.

---

7. Although Van Brunt has hinted that a quasi-marital relationship existed, he does not state so explicitly. The Court declines to read between the lines of Plaintiff's complaint to infer this type of relationship.

1988). *See also Lines v. Bank of America Nat'l Trust & Sav. Ass'n,* 743 F.Supp. 176, 180 (S.D.N.Y.1990). Here, neither equity nor common sense requires that the Court determine that a constructive trust claim has been established. Accordingly, Rauschenberg's motion to dismiss the constructive trust claim is granted.

SO ORDERED.