■ JEAN ROSENHECK, Appellant-Respondent, v CALCAM ASSOCIATES, INC., Respondent-Appellant. [649 NYS2d 247] —Cardona, P. J. Cross appeals from an order and judgment of the Supreme Court (Williams, J.), entered May 26, 1996 in Sullivan County, which, *inter alia*, granted defendant's motion to dismiss the complaint as barred by the Statute of Frauds.

In April 1992, plaintiff sold a used 1986 Cadillac automobile to William Rieber, Sr. who, at that time, was a principal shareholder and former officer of defendant. As part of the transaction, Rieber, signed a promissory note for the sum of $10,000 at 12% interest to be paid in 59 equal installments of $225. The record shows that defendant, on Rieber's behalf, paid the first 23 installment payments due plaintiff from May 1992 through March 1994. However, after Rieber filed a petition for bankruptcy on April 5, 1994, all payments to plaintiff for this obligation ceased.*

Plaintiff thereafter commenced this action seeking the unpaid balance on the promissory note. In the complaint, plaintiff alleges, first, that defendant guaranteed payment of the note signed by Rieber and, second, that defendant assumed liability for the debt and was, therefore, liable to plaintiff as a third-party beneficiary for the unpaid balance. Defendant moved to, *inter alia*, dismiss the complaint pursuant to CPLR 3211 (a) (5), maintaining that plaintiff's causes of action were

---

* Based upon Rieber's bankruptcy petition, all proceedings or actions against him were stayed; thus, he is not a party to this litigation.

barred by the Statute of Frauds. In its motion papers, defendant, whose president is Rieber's son, conceded making the payments on Rieber's behalf but maintained that the payments were made as an accommodation to Rieber and charged against his corporate draw. Defendant's motion to dismiss was thereafter stayed pending the completion of certain discovery ordered by Supreme Court. After this discovery, Supreme Court granted defendant's motion to dismiss the complaint but denied its motion for, *inter alia*, counsel fees. These cross appeals followed.

We affirm. With respect to plaintiff's first cause of action alleging that defendant guaranteed the note signed by Rieber, we agree with Supreme Court that the claim was properly dismissed. We find no evidence in this record suggesting the existence of a writing evincing an intent by defendant to act as guarantor for Rieber's debt. A promise to pay the debt of another must be in writing and signed by the party to be charged to be enforceable pursuant to the Statute of Frauds (*see*, General Obligations Law § 5-701 [a] [2]; *Parma Tile Mosaic & Marble Co. v Estate of Short*, 87 NY2d 524, 527; *New York Assn. for Retarded Children v Keator*, 199 AD2d 921, 923).

Supreme Court also properly rejected plaintiff's argument that defendant's action in making 23 payments on Rieber's debt constituted sufficient part performance to take the alleged oral agreement outside the Statute of Frauds. Assuming, arguendo, that the doctrine of partial performance applies to a promise to pay the debt of another (*see*, 3 Williston, Contracts § 533, at 770 [3d ed 1961]), we nevertheless conclude that plaintiff's claims on this point are unavailing. The alleged partial performance, i.e., the 23 installment payments, was not " ' "unequivocally referable" ' " to any alleged agreement between plaintiff and defendant and was, accordingly, insufficient to defeat the Statute of Frauds (*Pallette Stone Corp. v Mangino*, 217 AD2d 738, 739; *see*, *Isaacs Bus. Ventures v Thompson*, 223 AD2d 957, 958). Given Rieber's connection to defendant as a shareholder and former officer, it is equally as consistent to accept the explanation that the payments by defendant were made as an accommodation to Rieber as it is to endorse the theory that an actual guarantee of payment was made (*see*, *McDermott v Town of Goshen*, 207 AD2d 612, 614; *Bordeau v Oakley*, 185 AD2d 417, 419).

As for plaintiff's second cause of action alleging that defendant actually promised Rieber that it would pay Rieber's debt to plaintiff, we conclude that this claim was also properly dismissed. Initially, it is noted that in a situation where a

party's alleged promise to pay is made directly to the debtor rather than the creditor, it is clearly not a promise to pay the debt of a third party and thus does not fall within the meaning of the Statute of Frauds (*see, G. Carver Rice, Inc. v Crawford*, 84 AD2d 866, 867). Nevertheless, although defendant would not be entitled to dismissal of this claim pursuant to CPLR 3211 (a) (5), as requested, we conclude that plaintiff on this record would not be prejudiced by our treating defendant's challenge to this cause of action as being made pursuant to CPLR 3211 (a) (7) (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3211:37, at 52).

In our view, plaintiff's second claim does not state a cause of action. Specifically, plaintiff makes the conclusory claim that she was the third-party beneficiary of an "assumption" agreement between defendant and Rieber. However, "in order to claim as [a] third-party beneficiar[y] [she] must show that promises were in some way made for [her] benefit" (*Braten v Bankers Trust Co.*, 60 NY2d 155, 163-164). Here, the pleadings and evidentiary proof in the record, taken as true and liberally construed in plaintiff's favor, indicate that plaintiff was "at best an incidental beneficiary rather than a third-party creditor beneficiary" (*Tomaso, Feitner & Lane v Brown*, 4 NY2d 391, 393). Accordingly, the second cause of action was also properly dismissed.

Finally, upon review of the record and examination of the parties' arguments, we conclude that Supreme Court did not abuse its discretion in denying plaintiff's request for further discovery and defendant's request for counsel fees.

Mercure, White, Casey and Peters, JJ., concur. Ordered that the order and judgment is affirmed, without costs.