■ HEINZ BLOCH, Appellant-Respondent, v AGUSTIN RODRIGUEZ, Respondent-Appellant. [651 NYS2d 76] —In an action *inter alia,* to recover damages for breach of a joint venture agreement, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Rockland County (Miller, J.), dated August 3, 1994, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action for declaratory relief, an accounting, unjust enrichment, and to recover damages for breach of the joint venture agreement, and (2) an order of the same court, dated March 8, 1995, which denied the plaintiff's motion for leave to renew or reargue those branches of the defendant's motion for summary judgment, and the defendant cross-appeals, as limited by his notice of appeal, from so much of the order dated August 3, 1994, as denied that branch of his motion which was for summary judgment dismissing so much of the plaintiff's complaint as might be read to assert a cause of action to recover damages for the breach of an alleged buy-out agreement. The cross appeal from the order dated August 3, 1994, brings up for review so much of an order of the same court, dated September 21, 1994, as, upon reargument, adhered to so much of the original determination as denied that branch of the defendant's motion for summary judgment which was to dismiss so much of the plaintiff's complaint as might be read to assert a cause of action to recover damages for breach of the alleged buy-out agreement.

Ordered that the order dated August 3, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the cross appeal from the order dated August 3, 1994, is dismissed, as the portion of the order sought to be reviewed on the cross appeal was superseded by the order dated September 21, 1994, made upon reargument; and it is further,

Ordered that the order dated September 21, 1994, is reversed, insofar as reviewed, on the law, by deleting the provision thereof which adhered to so much of the original determination as denied the branch of the defendant's motion for summary judgment which was to dismiss so much of the plaintiff's complaint as might be read to assert a cause of action to recover damages for breach of the alleged buy-out agreement, and substituting therefor a provision granting that branch of the motion and dismissing the complaint in its entirety, and the order dated August 3, 1994, is modified accordingly; and it is further,

Ordered that the appeal from so much of the order dated March 8, 1995, as denied reargument, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that so much of the order dated March 8, 1995, as denied the branch of the plaintiff's motion which was for renewal is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The complaint alleges that the parties orally formed a joint venture to establish a restaurant in Pleasantville, New York, pursuant to which the defendant leased the ground floor and the plaintiff the upper floors of the same building. The plaintiff contends that the defendant orally agreed to buy out his 50% interest in the restaurant venture by August 1984, but that he failed to do so. The plaintiff further contends that the parties then orally agreed to an extension of time for payment until July 1987, but that again the defendant failed to pay him. In related litigation the defendant successfully obtained title to the building containing both the restaurant and some apartments on the upper floors which the plaintiff had renovated.

The plaintiff commenced this action in February 1993 seeking, *inter alia,* damages for the breach of the alleged agreement to jointly operate and share in the profits of the restaurant and a declaration of the rights of the parties. The defendant counterclaimed for rents collected by the plaintiff from tenants occupying the apartments in the building from the time of his ownership, and to evict the plaintiff. The defendant then moved to amend his answer to assert the affirmative defense of the Statute of Limitations, and for summary judgment based on that defense dismissing the plaintiff's claims, as well as for judgment in his favor on his counterclaims. The court granted the defendant leave to amend his answer, granted summary judgment on the counterclaims, and granted summary judgment as to all of the plaintiff's causes of action except insofar as the complaint could be read to assert a cause of action seeking to recover damages for breach of the alleged buy-out agreement. As to that claim the court determined that if, as the plaintiff alleged, the parties had agreed to extend the date by which payment was due under the buy-out agreement, the six-year Statute of Limitations *(see,* CPLR 213 [2]) would not have run. On the cross appeal, the defendant claims the court erred in denying summary judgment to dismiss that claim as well. We agree that all of the plaintiff's claims are time-barred and that the complaint must be dismissed.

General Obligations Law § 17-101 states that an "acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take an action out of the operation of the provisions of limitations of time for commenc-

ing actions under the civil practice law and rules other than an action for the recovery of real property." The plaintiff's allegation of an oral extension granted to the defendant to pay a debt is insufficient to extend the time limitations for bringing an action *(see, Dillon v Peretti,* 176 AD2d 497; *Van Brunt v Rauschenberg,* 799 F Supp 1467). Accordingly, the complaint must be dismissed in its entirety.

The plaintiff's contentions are without merit. Miller, J. P., Ritter, Krausman and Florio, JJ., concur.