SUMMARY ORDER
THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.
At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 13th day of March, two thousand and three.
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
Richard C. Breeden, trustee in bankruptcy (“the trustee”) for the Bennett Funding Group, Inc., and its related companies (collectively “BFG”) brings this action against reinsurer Sphere Drake Insurance, PLC (“Sphere Drake”) and others, including the “Ades defendants.” The Ades defendants are individual investors claiming rights to the proceeds of the Sphere Drake reinsurance policy. The Sphere Drake Policy reinsured Capital Insurance Co. (“Capital”), a captive Bennett company incorporated in Bermuda, for the insurance policy it issued to Aloha Leasing, a division of BFG. The trustee and Sphere Drake filed a joint motion for summary judgment seeking a declaration that the Ades defendants are not entitled to the proceeds of the Sphere Drake reinsurance policy that was issued to reinsure Capital Holding. Holding that the Ades defendants do not have standing under the Sphere Drake reinsurance policy, the district court “dismissed the Ades defendants’ cross-claim against Sphere Drake with prejudice and dismissed the Ades defendants’ counterclaim against the trustee without prejudice to being renewed in an appropriate Bankruptcy Court proceeding.” See Breeden v. Sphere Drake Ins., PLC, 270 B.R. 126 (S.D.N.Y.2001). The Ades defendants appeal from that ruling. We presume familiarity with the facts of the case from the district court opinion.
Summary judgment should be granted only if there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). In reviewing a contract governed by New York law,[1] summary judgment may be granted *865 only where the language of the agreement is unambiguous. See Sayers v. Rochester Tel. Corp., 7 F.3d 1091, 1094 (2d Cir.1993).
The district court correctly ruled that the Ades defendants do not have standing under the Policy to pursue their contract claims against Sphere Drake or the trustee. Reinsurance contracts are contracts of indemnity. See Unigard Sec. Ins. Co. v. North River Ins. Co., 4 F.3d 1049, 1054 (2d. Cir.1993). “[I]n New York indemnification agreements are strictly construed; a court cannot find a duty to indemnify absent manifestation of a ‘clear and unmistakable intent’ to indemnify.” Commander Oil Corp. v. Advance Food Serv. Equip., 991 F.2d 49, 51 (2d Cir.1993) (citing Heimbach v. Metro. Transp. Auth., 75 N.Y.2d 387, 553 N.Y.S.2d 653, 553 N.E.2d 242, 248 (1990)).
It is undisputed that the Ades defendants are not listed in the Policy or any of the relevant documents as “insureds” or “Loss Payees.” The Insuring Clause of the Capital policy provides that Capital pay on behalf of Bennett “to Loss Payees,” and that “[a]ll Loss Payees shall be listed on the Declarations attached to this Policy and on the Certificates of Insurance issued by the Company under this Policy.” These requirements apply equally to the Sphere Drake policy reinsuring the Capital policy. Under the Sphere Drake policy, the reassured is Capital (listed as Bennett Insurance Co.), the Assured is BFG “in respect of Aloha Leasing,” and the reinsured “Interest” is to “reimburse the Reassured in respect of payments made to the Loss Payees.” These policies unambiguously specify which parties may collect payments, and none of the Ades defendants are mentioned.
The Ades defendants lack standing under the Sphere Drake policy, because “a reinsurance contract operates solely between the reinsurer and the ceding company [the insurer]; it confers no rights on the insured.” Unigard Sec. Ins. Co. v. North River Ins. Co., 79 N.Y.2d 576, 584 N.Y.S.2d 290, 594 N.E.2d 571, 574 (1992); see also Unigard Sec. Ins. Co., 4 F.3d at 1054 (“The reinsurer has no contract with the insured.”) Under New York law, even an insured is not considered a third-party beneficiary of a standard reinsurance contract. See Michigan National Bank-Oakland v. American Centennial Ins. Co., 200 A.D.2d 99, 611 N.Y.S.2d 506, 511 (N.Y.App.Div.1994). Even if the contract contained a “cut through” provision allowing the insured to bring suit directly against the reinsurer, the Ades defendants are not insured parties under these contracts, and New York courts have not extended reinsurance contractual rights beyond the original insured.
The Ades defendants contend that the Capital insurance policy and the Sphere Drake reinsurance policy should be read together as effectively one insurance contract in the circumstances of this case: These policies were drafted at the same time, and Capital is a captive insurer created by BFG as a “front company” for the sole purpose of issuing an insurance policy for Sphere Drake to reinsure. However, for the propositions that “direct” and “circuitous” transactions are the same and that multiple transactions may be “collapsed” into one, the Ades defendants cite only decisions unique to tax law and to fraud. See Salomon Inc. v. United States, 976 F.2d 837, 842 (2d Cir.1992) (for tax purposes, interpreting separate transactions as one transaction); In re John D. Corcoran, 246 B.R. 152, 160 (E.D.N.Y. 2000) (multiple fraudulent transactions treated as one). New York law recognizes that captive insurance companies may be *866 parties in reinsurance contracts, see, e.g., N.Y. CLS Ins. Law § 1301(a)(14)(iii), § 7002(f), § 7003(5), § 7010(c), and we have found no New York precedent or statute suggesting that when a reinsurance contract involves captive insurance companies or fronting companies, it becomes an insurance contract or the separate policies collapse into one. But see Great Atlantic Life Ins. Co. v. Harris, 723 S.W.2d 329, 332-33 (Tex.App.1987).
Finally, the district court correctly noted that the Ades defendants’ claim of constructive trust raises issues of creditor priority and is more appropriate for the Bankruptcy Court. In re Bennett Funding Group, Inc., 2003 WL 1191171, at *2-3, 2001 U.S. Dist. LEXIS 19952, at *15. Moreover, the Ades defendants have not demonstrated anything resembling “unconscionable conduct” by Sphere Drake to warrant establishing a constructive trust. 106 N.Y. Jur.2d Trusts § 152 (2002); see also Beatty v. Guggenheim Exploration Co., 225 N.Y. 380, 122 N.E. 378 (N.Y.1919). They also have not established any of the four elements for creating a constructive trust based on their relationship to Sphere Drake: 1) a confidential or fiduciary relationship; 2) a promise, express or implied; 3) a transfer made in reliance on that promise; and 4) unjust enrichment. See Bankers Sec. Life Ins. Soc’y v. Shakerdge, 49 N.Y.2d 939, 428 N.Y.S.2d 623, 406 N.E.2d 440, 440 (N.Y.1980).
For the foregoing reasons, the judgment of the district court is AFFIRMED.

. The trustee and Sphere Drake base their motion for summary judgment, and the Ades defendants base their opposition to the motion, on New York law. However, Sphere Drake consents to applying New York law for the purposes of the appeal of this motion only and attempts to reserve its right to argue later *865 in the case that Bermuda law should apply instead.