**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2008

(Argued: December 4, 2008          Decided: February 4, 2009
                               Errata Filed: February 5, 2009)

Docket No. 07-3211-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JURUPA VALLEY SPECTRUM, LLC,

           *Plaintiff-Appellant,*

v.

NATIONAL INDEMNITY COMPANY and
NATIONAL LIABILITY & FIRE
INSURANCE COMPANY

           *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before:    LEVAL, POOLER, and B.D. PARKER, *Circuit Judges*.

Plaintiff appeals from the judgment of the United States District Court for the Southern

District of New York (Cote, *J.*), dismissing for failure to state a claim upon which relief may be

granted. Plaintiff contends that it is entitled to bring a direct claim against the reinsurer of surety bonds of which it is the beneficiary. The court of appeals (Leval, *J.*) affirms the district court's dismissal. The plaintiff lacked contractual privity with the reinsurer; no "cut through" provision existed granting the plaintiff a direct right of action against the reinsurer; and the reinsurance agreement was not assumption reinsurance. Furthermore, plaintiff cannot bring forth a claim for tortious interference with contractual rights against the claims administrator because no contract existed between the parties.

R. MARK KEENAN, Anderson Kill & Olick, P.C., (Mark Garbowski, Greg Hansen, *on the brief*) New York, NY, for *Plaintiff-Appellant*.

JOSEPH G. CASACCIO, Berkshire Hathaway Insurance Group, (Kevin G. Snover, North Babylon, NY, *on the brief*) Stamford, CT, for *Defendants-Appellees*.

LEVAL, *Circuit Judge*:

Plaintiff, Jurupa Valley Spectrum, LLC appeals from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*) granting the motion of the defendant, National Indemnity Company ("NICO"), to dismiss for failure to state a claim upon which relief may be granted. As beneficiary of surety bonds issued by Frontier Insurance Company and subsequently reinsured by NICO, Jurupa sued the reinsurer NICO for the performance of the bond when it failed to collect directly from the insolvent insurer. The district

court found that Jurupa could not bring a direct claim against the reinsurer because: (1) the Reinsurance Agreement between NICO and Frontier explicitly stated that the agreement extended no third party rights; (2) no "cut through" provision that would have permitted such direct suit was either written, implied, or required by law; and (3) the Reinsurance Agreement was not an assumption agreement. The district court also found that Jurupa could not state a claim against the co-defendant, National Liability & Fire Insurance Company ("National Liability"), the claims administrator, because Jurupa was not a party to the Reinsurance Agreement. On appeal, Jurupa argues that these findings were in error.

Article 12 of the Reinsurance Agreement between Frontier and NICO explicitly stated that in the event of Frontier's insolvency, NICO's obligation was to pay Frontier's rehabilitator, who would then make payment to the insureds, unless (1) NICO agreed to pay the insured parties directly, or (2) direct payment was required in order to comply with N.Y. Ins. Law § 4118. Article 14, moreover, explicitly recognized that "[n]othing [herein], express or implied, . . . shall be construed to confer upon . . . any person . . . (other than the parties hereto or their permitted assigns or successors) any rights or remedies under . . . this Reinsurance."

Jurupa was not a party to the Reinsurance Agreement. It lacks contractual privity with NICO. The terms of the insurance make clear that it cannot sue the reinsurer directly to obtain payment of the reinsured bond. New York law recognizes an exception if the reinsurance agreement contains a so-called "cut through" provision granting policyholders a direct right of

3

action against reinsurers, which is apparent on its face. *See In re Bennett Funding Group, Inc. Sec. Litig.*, 270 B.R. 126, 131 (S.D.N.Y. 2001), *aff'd* 60 Fed. Appx. 863 (2d Cir. 2003); *see also China Union Lines, Ltd. v. Am. Marine Underwriters, Inc.*, 755 F.2d 26, 30 (2d Cir. 1985) ("As a general rule, reinsurance contracts are contracts of indemnity, which give the original assured no right of action against the reinsurer. However, the reinsurer may agree to be directly liable to the original assured.") (citations omitted). Jurupa contends that Article 1 of the Reinsurance Agreement provides a "cut through" clause, as it states:

> [T]he parties to this Reinsurance intend that Reinsurer, through the Claims Administrator, shall pay all amounts . . . due Insureds and other persons as and when due directly on behalf of the Reinsured . . . .

Jurupa contends that this language is substantively identical to the "cut through" provision recognized in *Trans-Resources, Inc. v. Nausch Hogan & Murray*, 746 N.Y.S.2d 701, 705 (N.Y. App. Div. 2002). We disagree. In the first place, the language in *Trans-Resources* included the agreement of the reinsurer "to pay directly to the named insured." *Id*. at 706. The language of the present reinsurance, while it provides that the reinsurer "shall pay all amounts due Insured," does not specify to whom the payments will be made. In addition, Article 14 of the Reinsurance Agreement explicitly provides that no one other than the reinsured shall have any rights or remedies against the reinsurer. The Reinsurance Agreement cannot reasonably be read to provide a "cut through." (While in *Trans-Resources*, similar disavowal language was in a certificate issued by the non-lead underwriter prior to the issuance of the policy agreement, with

a warning that the actual conditions would later be set forth by the lead underwriter in the policy agreement itself, the policy contained no such disavowal. *Id*. at 705-06.) We agree with the district court that Article 1 does not authorize a "cut through."

Jurupa further argues that the district court erred by not reading a "cut through" into the Reinsurance Agreement to bring it into compliance with New York Insurance Law. Sections 1115 and 4118 of the N.Y. Ins. Law have been interpreted to require reinsurance and a "cut through" when an insurer issues a surety bond in an amount exceeding ten percent of its surplus. *See, e.g.*, *Turner Constr. Co. v. Seaboard Sur. Co.*, 447 N.Y.S.2d 930 (N.Y. App. Div. 1982). That condition did not obtain here.

On March 17, 1999, when Frontier issued the bonds in the aggregate amount of $12,570,000, its last filings showed it to be solvent. The amount of the bond did not exceed ten percent of Frontier's most recently reported surplus of $251.8 million. Jurupa did not show that, as of the date of the issuance, the amount of the obligation exceeded ten percent of Jurupa's then current surplus. Only later, as of December 31, 1999 – more than 9 months after the bonds were issued – did the New York Insurance Department find Frontier to be insolvent. Accordingly, Sections 1115 and 4118 are not applicable. Jurupa's argument fails.

Furthermore, the district court correctly held that the Reinsurance Agreement is not assumption reinsurance. "In the case of assumption reinsurance, the reinsurer steps into the shoes of the [original insurer] with respect to the reinsured policy, assuming *all* its liabilities and

its responsibility to maintain required reserves against potential claims." *Colonial Am. Life Ins. Co. v. Comm'r. of Internal Revenue*, 491 U.S. 244, 247 (1989) (emphasis added). Endorsement 1, which amended the Reinsurance Agreement, limited the amount of Frontier's liability that NICO undertook. Moreover, NICO assumed only Frontier's "net" liabilities, defined as Frontier's liability net of Frontier's other reinsurance. It is clear NICO did not assume *all* of Frontier's liabilities. The Reinsurance Agreement is therefore not assumption reinsurance.

Finally, the district court correctly found that Jurupa could not state a cause of action against the claims administrator, National Indemnity, for tortious interference with its contractual rights against NICO. Under New York law, a necessary element for Jurupa's claim is the existence of a valid contract between Jurupa and NICO. *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400-01 (2d Cir. 2006). This element is missing.

We have considered all of Jurupa's other arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby affirmed. Jurupa's renewed motion for leave to submit additional exhibits is denied.