11-241-cv
Callon Petroleum Co. v. Nat'l Indem. Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of July, two thousand twelve,

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                     *Circuit Judges*,
             BRIAN M. COGAN,[*]
                     *District Judge*.

_____

CALLON PETROLEUM COMPANY,

                         *Plaintiff-Appellant*,

            -v-                                                 11-241-cv

NATIONAL INDEMNITY COMPANY,

                         *Defendant-Appellee*,

JAMES J. WRYNN,

                         *Intervenor Defendant-Appellee*.

_____

Appearing for Appellant:            Donald J. Cayea, Litchfield Cavo LLP, New York, N.Y.

_____

[*] The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

Appearing for Defendant-Appellee: Joseph G. Casaccio, Berkshire Hathaway Insurance Group, Stamford, Conn.

Kevin G. Snover (*on the brief*), Law Office of Kevin G. Snover, Esq., North Babylon, N.Y.

Appearing for Intervenor
Defendant-Appellee: William F. Costigan (of counsel), Dornbush Schaeffer Strongin & Venaglia, LLP, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Seybert, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Callon Petroleum Company ("Callon") appeals from the district court's dismissal of its complaint pursuant to Federal Rule of Civil Procedure 12(c). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review *de novo* a district court's decision to grant a motion for judgment on the pleadings pursuant to Rule 12(c)." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011).

"As a general rule, reinsurance contracts are contracts of indemnity, which give the original assured no right of action against the reinsurer." *China Union Lines, Ltd. v. Am. Marine Underwriters, Inc.*, 755 F.2d 26, 30 (2d Cir. 1985). However, "New York law recognizes an exception if the reinsurance agreement contains a so-called 'cut through' provision granting policyholders a direct right of action against reinsurers, which is apparent on its face." *Jurupa Valley Spectrum, LLC v. Nat'l Indem. Co.*, 555 F.3d 87, 89 (2d Cir. 2009).

In this case, however, Article 14 of the agreement at issue explicitly makes clear that third parties have no rights whatsoever under the agreement. Indeed, we have previously ruled that the very contract at issue in this case "explicitly provides that no one other than the reinsured shall have any rights or remedies against the reinsurer." *Id.* at 89. Therefore, the agreement at issue in this case does not provide Callon with a right of action against National Indemnity Company.

Callon also claims on appeal that the district court erred by denying Callon the opportunity to amend its complaint. Callon, however, does not even hint at why it believes that the district court erred in this regard. "To make a legal argument is to advance one's contentions by connecting law to facts . . . ." *Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir. 2002). If an argument is not made, we need not guess as to what that argument might have been.

2

*See McCarthy v. S.E.C.*, 406 F.3d 179, 186 (2d Cir. 2005) ("[A]rguments not raised in an appellant's opening brief . . . are not properly before an appellate court even when the same arguments were raised in the trial court."). Therefore, we do not consider, let alone decide the merits of, Callon's claim that the district court erred by denying Callon leave to amend its complaint.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3