12-1787-cv
*Icebox-Scoops, Inc. v. Disney Enters., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
         CHRISTOPHER F. DRONEY,
                *Circuit Judges*,
         VINCENT L. BRICCETTI,
                *Judge.*[*]

---

ICEBOX-SCOOPS, INC.,

        *Plaintiff-Appellant*,

    -v.-                          12-1787-cv

DISNEY ENTERPRISES, INC.,
WALT DISNEY COMPANY,

        *Defendants-Appellees.*

---

FOR APPELLANT:    MORRIS E. COHEN (Lee A. Goldberg, Benjamin H. Graf, *on the brief*), Goldberg Cohen LLP, New York, NY.

---

[*] Judge Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEES:        PASQUALE A. RAZZANO (Nina Shreve, *on the brief*), Fitzpatrick, Cella, Harper, & Scinto, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Gershon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED.**

Plaintiff-Appellant Icebox-Scoops, Inc. ("Icebox") appeals from the March 30, 2012 order of the United States District Court for the Eastern District of New York (Gershon, *J.*) dismissing its unjust enrichment claim as implausible and denying its motion to amend the complaint as futile.

Icebox obtained certain exclusive use rights to the TINKERBELL® trademark (the "mark") through a licensing agreement with the mark's owner, Finanz St. Honoré, B.V. ("Finanz"), a Netherlands corporation. Shortly thereafter, Finanz terminated the license and sold all rights to the mark to Defendants-Appellees Disney Enterprises, Inc. and The Walt Disney Company (collectively, "Disney") pursuant to an agreement that required that the mark be transferred free of any encumbrance. Icebox then initiated this action. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Although Icebox originally pled a claim for Disney's alleged tortious interference with the Finanz-Icebox license, it has abandoned those claims and what remains is a claim for unjust enrichment. But, Icebox has not plausibly asserted that it had conferred a benefit to Disney that Disney unjustly retained. As the district court noted, Icebox "did nothing to enrich Disney or [for] Disney's benefit." Joint App'x 184. We therefore affirm the dismissal of the unjust enrichment claim for substantially the same reasons.

We also affirm the denial of Icebox's motion to amend the complaint for substantially the same reasons as the district court. First, Icebox's constructive-trust claim fails because Icebox has not plausibly plead a need for this equitable remedy. *See Simonds v. Simonds*, 45 N.Y.2d 233, 241 (1978); *see also Bankers Sec. Life Ins. Soc'y v. Shakerdge*, 49 N.Y.2d 939, 940 (1980). Likewise, Icebox's declaratory-judgment claim fails because Icebox has not plausibly asserted that it has a substantive claim to the licensing rights it previously owned. *See In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993). Second, Icebox has failed to assert a *prima facie* case for

3

unfair competition or business practices under New York or California law.  New York requires proof that Disney misappropriated Icebox's labors and expenditures, *Saratoga Vichy Spring Co. v. Lehman*, 625 F.2d 1037, 1044 (2d Cir. 1980); California requires proof that Disney engaged in unlawful, unfair, or fraudulent business practices, Cal. Bus. & Prof. Code § 17200.  Icebox has not plausibly plead any of these elements.

Finally, we deny Disney's motion as moot because we affirm the district court's disposition on the merits.

We have considered all of Icebox's arguments on appeal and find them to be without merit.  For the foregoing reasons, the order of the district court is hereby **AFFIRMED,** and Disney's motion to supplement the record and to supply supplemental briefing is **DENIED** as **MOOT**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4