105 F.3d 833
 UNITED STATES of America, Appellee,
v.
Jose RIBADENEIRA, Albio Alzate, Cambiaria C & F Casa De
Cambio C.A., Defendants,
Banco Popular, Filanbanco, Gregorio Ormaza, Guislain Wattel,
Juan Jose Avellan, Francelana, S.A., Maria Cordero, Gustavo
Vallejo Perez, Fernando Pena, Simon Coral, Secretej CIA.
LTDA., Carlos Ariba and Stella Barrera, Petitioners-Appellants.
 Nos. 534, Docket 96-1299.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 8, 1996.
Decided Jan. 30, 1997.
 
 Stuart Holtzman, New York City (Holtzman & Taikeff, of counsel), for Petitioners-Appellants.
 Sharon Cohen Levin, Assistant United States Attorney for the Southern District of New York, New York City (Mary Jo White, United States Attorney, Guy Petrillo, Assistant United States Attorney, of counsel), for Appellee.
 Martin J. Auerbach, New York City, for Superintendent of the Banks of Ecuador.
 Before OAKES, LEVAL and PARKER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants-Petitioners Banco Popular, et al. ("Appellants"), appeal from the final order entered April 1, 1996, in the United States District Court for the Southern District of New York, Leonard B. Sand, Judge, dismissing their petitions to modify a Final Order of Forfeiture. Judge Sand dismissed the petitions on the ground that Appellants lacked standing to contest the Order of Forfeiture. United States v. Ribadeneira, 920 F.Supp. 553 (S.D.N.Y.1996). Appellants assert that this dismissal was error because they have a legal interest in certain funds forfeited to the United States which grants them standing under 21 U.S.C. § 853(n)(6)(B). We disagree, and therefore affirm.
 
 
 2
 * Facts
 
 
 3
 On March 12, 1991, Jose Ribadeneira and Albio Alzate were arrested and charged with laundering approximately $30 million through Cambiaria C & F ("C & F"), an Ecuadorian banking institution and exchange house.[1] Ribadeneira and Alzate ultimately pled guilty to conspiracy and money laundering, and, pursuant to 18 U.S.C. § 982, agreed to the criminal forfeiture of certain assets, including several C & F accounts. The Final Order of Forfeiture was entered March 5, 1993, resulting in the forfeiture of approximately $2.1 million to the United States.
 
 
 4
 Appellants were businesses based in Quito, Ecuador, which occasionally converted Ecuadorian sucres into U.S. dollars by purchasing checks drawn on C & F accounts in the United States. Once the assets in those accounts were frozen by reason of the money laundering activities of Ribadeneira and Alzate, Appellants were left unable to redeem U.S. dollar checks which they had purchased. On December 8, 1995, they petitioned under 21 U.S.C. § 853(n)(2) to modify the Final Order of Forfeiture and recover their alleged interest in the seized accounts. On April 1, 1996, the district court held that Appellants, as general creditors without an identifiable legal interest in the particular assets subject to forfeiture, lacked standing to contest the Final Order of Forfeiture, and dismissed their petition. Because they are questions of law, we review de novo both a district court's determination that a party lacks standing, Fund for Animals v. Babbitt, 89 F.3d 128, 132 (2nd Cir.1996), and that court's interpretation of a statute, United States v. Ripinsky, 20 F.3d 359, 361 (9th Cir.1994).
 
 II
 Discussion
 
 5
 Title 21 U.S.C. § 853, sets forth the procedure by which third parties seeking to recover an alleged interest in forfeited property may obtain judicial resolution of their claim. The provision granting standing to parties seeking to modify a Final Order of Forfeiture to exclude certain properties from that Order states:
 
 
 6
 Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may ... petition the court for a hearing to adjudicate the validity of this alleged interest in the property. The hearing shall be held before the court alone, without a jury....
 
 
 7
 21 U.S.C. § 853(n)(2).
 
 
 8
 Section 853(n) further provides that, once a petition has been filed, the district court conducts a hearing on the issue. In addition,
 
 
 9
 If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
 
 
 10
 (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
 
 
 11
 the court shall amend the order of forfeiture in accordance with its determination.
 
 
 12
 21 U.S.C. § 853(n)(6).
 
 
 13
 Judge Sand properly read § 853(n)(6)'s reference to "a right, title, or interest in the property" as being the same as § 853(n)(2)'s requirement of "a legal interest in property," which is necessary for standing. Because he found that Appellants did not have a § 853(n)(6) "right, title, or interest," he held that they were without a § 853(n)(2) "legal interest" and therefore lacked standing. Ribadeneira, 920 F.Supp. at 555. Appellants argue that they do have a § 853(n)(6)(B) "legal interest" as bona fide purchasers of many of the dollars in the seized C & F accounts. The government contests the appeal, asserting that the district court correctly held Appellants to be general creditors without a legal interest in the seized funds.
 
 
 14
 The language of 21 U.S.C. § 853(n)(6) is "substantially identical" to that of 18 U.S.C. § 1963(l )(6), which deals with forfeiture after conviction under RICO, and we therefore refer to cases discussing the two statutes interchangeably.[2] Schwimmer, 968 F.2d at 1579-81, held that under § 1963(l )(6)(A), general creditors lack a legal interest in forfeited property because they cannot establish the five elements required for standing under § 1963(l )(6).[3] That decision stated that "[t]he most important of these elements for our purposes are ... the requirements that the interest be 'in' the property forfeited and that such interest render the order of forfeiture invalid in whole or in part." Schwimmer, 968 F.2d at 1580. It is clear to us, therefore, that Schwimmer requires a party to have an interest "in" the seized property in order to have a § 853(n)(6)(A) "legal interest" and a corresponding § 853(n)(2) "legal interest" for standing purposes.
 
 
 15
 Appellants assert, however, that their standing arises under § 853(n)(6)(B) because they are "bona fide purchaser[s] for value" with both a right of withdrawal and a right of ownership of the seized funds. Although Schwimmer did not address whether a general creditor may achieve standing by virtue of being a bona fide purchaser for value under § 1963(l )(6)(B) or its companion provision, § 853(n)(6)(B), we find it appropriate to extend Schwimmer 's holding to answer this question of law in the negative. The pertinent portion of the language of subsection (n)(6)(B) differs from that of subsection (n)(6)(A) only in that it omits the word "legal." We do not believe that this omission is significant given the context of the paragraph. We therefore hold that, in order to have a § 853(n)(6)(B) "right, title or interest in the [seized] property," Appellants must demonstrate that they have a legal interest "in" the property as required by Schwimmer.
 
 
 16
 In explaining what an interest "in" property is, Schwimmer quoted approvingly the Fourth Circuit's language in United States v. Reckmeyer, 836 F.2d 200, 206 (4th Cir.1987), which stated "although general creditors can claim an interest in their debtors' estates, they cannot claim an interest in any particular asset that makes up that estate."[4] Schwimmer also cited the Third Circuit's suggestion that § 853(n)(6)(A) could not aid a petitioner who could "assert no more than a general claim against [the defendant's] estate." United States v. Lavin, 942 F.2d 177, 187 n. 12 (3rd Cir.1991) (interpreting § 853(n)(6)(B)). In other words, the court intimated that an interest "in" property must be an interest in a particular, specific asset, as opposed to a general interest in an entire forfeited estate or account.
 
 
 17
 We look next to see whether Appellants have such an interest "in" the seized C & F funds. Judge Sand found that they do not because their interest in a portion of the U.S. dollars in the seized C & F accounts is not identifiable. The court held that
 
 
 18
 [because] the specific property in which petitioners assert both withdrawal and ownership rights is by its very nature incapable of identification, petitioners can not claim a sufficiently identifiable legal interest to satisfy subsection n(2). Dollars are fungible. As holders of checks, as opposed to security interests, petitioners are unable to assert rights to a particular asset or specific funds. Like bank depositors, petitioners are general creditors who have no interest in the specific accounts to which their deposits might be traced, only in the defendant's estate as a whole--and therefore can have no interest in particular assets forfeited, ... unless they have already secured a judgment against the debtor and perfected a lien against a particular item.
 
 
 19
 Ribadeneira, 920 F.Supp. at 555 (citing United States v. BCCI Holdings (Luxembourg), S.A., 46 F.3d 1185, 1191-92 (D.C.Cir.) (interpreting § 1963(l )(6)(B) and holding that "bank depositors, as general creditors, have no interest in the specific accounts to which their deposits might be traced, only in the defendant's estate as a whole--and therefore can have no interest in particular assets forfeited, as required under both prongs of § 1963(l )(6), unless they have already secured a judgment against the debtor and perfected a lien against a particular item."), cert. denied, --- U.S. ----, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995)).
 
 
 20
 Judge Sand correctly applied Schwimmer 's and BCCI 's requirement of particularity. We agree that "[u]nlike purchasers of specific antique coins or earmarked out-of-print bills, petitioners here can point to no particular asset and call it their own," id., and therefore hold that § 853(n)(6)(B) provides no solace to Appellants in their quest for standing. In accord, United States v. Campos, 859 F.2d 1233, 1239 (6th Cir.1988) (denying § 853(n)(6)(B) standing to unsecured creditors). But see Reckmeyer, 836 F.2d 200 (granting § 853(n)(6)(B) standing to general creditors as bona fide purchasers); United States v. Mageean, 649 F.Supp. 820 (D.Nev.1986), aff'd without opinion, 822 F.2d 62 (9th Cir.1987) (same regarding § 1963). We have also considered Appellants' other arguments bearing upon their assertedly heightened legal interest, and find them to be without merit.[5] In sum, we hold that Appellants have no specific interest in property greater than that of a general creditor, and thus cannot claim standing to petition to modify an Order of Forfeiture by virtue of either § 853(n)(6)(A) or (B).
 
 Conclusion
 
 21
 Because petitioners lack an identifiable legal interest in the assets seized by the United States, they are general creditors who lack standing to contest the Order of Forfeiture. We hereby affirm the district court's ruling dismissing Appellants' petitions to modify the Order.
 
 
 
 [1]
 C & F is no longer in operation
 
 
 [2]
 We note that our prior opinion in United States v. Schwimmer, 968 F.2d 1570 (2d Cir.1992), while referring to the two statutes as "analogous," expressly declined to extend its holding regarding § 1963(l )(6)(A) to § 853(n)(6)(A), stating that "unlike § 1963(l )(6)(A), neither § 853(n)(6)(B) nor § 853(n)(2) includes a requirement that the interest be such as to invalidate the order of forfeiture, or that it be vested or superior." Id. at 1581 n. 8. We nevertheless here follow the 9th Circuit's holding that the two provisions are so similar in legislative history and in plain language as to warrant similar interpretation. See Ripinsky, 20 F.3d at 362 n. 3
 
 
 [3]
 The Schwimmer court stated:
 This subsection essentially sets forth five elements that must be demonstrated if a petitioner is to be granted an amendment of the order of forfeiture under § 1963(l )(6)(A):
 (i) The petitioner must assert a right, title, or interest;
 (ii) that right, title, or interest must be in the property "which has been ordered forfeited to the United States" pursuant to § 1963;
 (iii) that right, title or interest must be legal;
 (iv) that right, title or interest must render the order of forfeiture invalid in whole or in part;
 (v) the reason that it renders the order of forfeiture invalid, in whole or in part, must be that either: (a) the third party's interest in the property ordered forfeited was vested at the time of the commission of acts in question, or (b) the third party's interest in the property ordered forfeited was superior to the defendant's interest at the time of the commission of the acts.
 Our question is therefore whether a general creditor asserting neither "title to nor interest in any specific asset in the combined forfeiture pool" could satisfy these five elements of § 1963(I)(6)(A), with respect to the forfeiture pool.
 Schwimmer, 968 F.2d at 1580 (footnote omitted).
 
 
 [4]
 We do not intend here to embrace the holding of Reckmeyer, which granted standing to unsecured creditors claiming under § 853 where all (as opposed to a part) of the assets of the debtor's estate have been forfeited
 
 
 [5]
 In particular, we note that the district court correctly declined to establish a constructive trust on Appellants' behalf both because Appellants have not met the elements required by New York law for a constructive trust and because § 853(i) provides a legal remedy which obviates the need for application of an equitable remedy. See Ribadeneira, 920 F.Supp. at 555-56, 21 U.S.C. § 853(i); United States v. Coluccio, 51 F.3d 337, 340 (2d Cir.1995) ("Generally, New York law requires that a person establish four elements before a court will impose a constructive trust: (1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer of the subject res made in reliance on that promise; and (4) unjust enrichment.") (citing In re Koreag, Controle et Revision, S.A., 961 F.2d 341, 352 (2d Cir.1992); Bankers Sec. Life Ins. Soc'y v. Shakerdge, 49 N.Y.2d 939, 428 N.Y.S.2d 623, 624, 406 N.E.2d 440, 440-41 (1980); Simonds v. Simonds, 45 N.Y.2d 233, 408 N.Y.S.2d 359, 363-64, 380 N.E.2d 189, 193-95 (1978)). See also Schwimmer, 968 F.2d at 1583 (in forfeiture proceedings, trust beneficiaries must trace property to that held in trust)