11-5151-cr
*United States of America v. Church & Dwight Co. Inc., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of February, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                No. 11-5151-cr

CHURCH & DWIGHT COMPANY, INCORPORATED,

> *Appellant*,

LIN HU, JIAN WANG, HOY MUI CHEOW, YUN ZHOU ZHANG AKA JASON ZHANG, JIAN RONG JIANG AKA EDWARD, JIAN HU AKA MIKE, JIAN ZHONG HU AKA ANDY,

> *Defendants*,

---

1

**FOR APPELLANT:**                    Geoffrey Potter, Aron Fischer, Patterson Belknap Webb & Tyler LLP, New York, NY.

**FOR APPELLEE:**                    Laura D. Mantell, Varuni Nelson, Assistant United States Attorneys, Karen R. Hennigan, Special Assistant United States Attorney, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's November 22, 2011 Order is **AFFIRMED**.

Appellant Church & Dwight Co., Inc. ("Church & Dwight"), the manufacturer of Trojan brand condoms, appeals from the District Court's November 22, 2011 Memorandum Decision and Order dismissing its third-party claim, for lack of standing, to the proceeds of a property sale forfeited to the appellee United States ("United States" or the "Government") by defendant Lin Hu. On appeal, Church & Dwight argues that it had a "legal interest," for standing purposes, under 21 U.S.C. § 853(n)(2), arising from a civil settlement with two of the defendants, Lin Hu and Jian Hu. We assume the parties' familiarity with the facts and procedural history of this case, to which we refer only as necessary to explain our decision to affirm. The facts presented below are undisputed.

The current appeal arises as a result of two separate proceedings before Judge Cogan: (1) a criminal prosecution by the Government against three of the named defendants, Lin Hu, Jian Hu, and Jian Zhong Hu, for trafficking in a variety of counterfeit goods; and (2) a civil trademark infringement action by Church & Dwight, against those same individuals, among others, for the sale of Trojan counterfeit condoms ("civil case"). *See United States v. Lin Hu*, No. 08-CR-425, 2011 WL 5884918, at *1 (E.D.N.Y. Nov. 23, 2011).

In the criminal prosecution, two defendants, Lin Hu and Jian Hu (hereinafter "defendants"), pleaded guilty to charges of trafficking in counterfeit goods, but neither defendant allocuted to having trafficked in counterfeit condoms.[1] *Lin Hu*, 2011 WL 5884918, at *1. Pursuant to their guilty pleas, the District Court entered a final order of forfeiture ("forfeiture order") in the amount of $825,000 against the defendants. *Id.* Separately, Church & Dwight reached a settlement agreement with the defendants to relinquish its trademark infringement claims against them in exchange for certain conditions.

The present dispute concerns $300,322.00 in proceeds from a property ("property proceeds") sold by Lin Hu, following the forfeiture order in the criminal case, but prior to the settlement in the civil case. *Id.* at *1-2. Prior to its forfeiture order in the criminal case, the District Court had frozen these proceeds through a temporary restraining order (later converted to a preliminary injunction) in the Trojan civil case. *Id.* at *1. Following the forfeiture order, the parties in the civil case specified in the settlement agreement that: (1) the defendants would pay to Church & Dwight "a portion of" the property proceeds within five days of receiving a written directive, signed by attorneys for both Church & Dwight and the Government, in an amount to be specified by the written directive; (2) the defendants would not take a legal position on Church & Dwight's entitlement to the property proceeds; and (3) the defendants would retain the property proceeds in an attorney escrow account "unless and until" they received the written directive.

On April 6, 2011, the District Court entered a supplemental preliminary order of forfeiture naming the property proceeds as substitute property pursuant to 21 U.S.C. § 853(p) because, "upon the exercise of due diligence, law enforcement has been unable to locate any assets directly traceable to the offense of conviction." That order also provided that any third-party asserting a legal interest in the forfeited proceeds must petition the Court within thirty days. On April 29, 2011, Church &

---

[1] The third defendant, Jian Zhong Hu, is currently a fugitive in China. *Lin Hu*, 2011 WL 5884918, at *1.

Dwight filed a Verified Claim and Statement of Interest ("Verified Claim") before the District Court asserting "superior rights, title, and interest in the [property proceeds] as compared to the Government." *Lin Hu*, 2011 WL 5884918, at *2. The District Court held that Church & Dwight lacked a "legal interest," under 21 U.S.C. § 853, in the property proceeds and dismissed its Verified Claim for lack of standing pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A).[2] This appeal followed.

## DISCUSSION

We review the district court's dismissal of a third-party petition *de novo*. *Pacheco v. Serendensky*, 393 F.3d 348, 351 (2d Cir. 2004). Moreover, we treat a "motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing . . . like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)," *Willis Mgmt. (Vt.), Ltd. v. United States*, 652 F.3d 236, 241-42 (2d Cir. 2011) (internal quotation marks omitted). A third-party petition must only provide "enough facts to state a claim to relief that is plausible on its face," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), to survive dismissal. "In reviewing the petition, we will assume that the facts set forth in the petition are true, *see* Fed. R. Crim. P. 32.2(c)(1)(A), however, we are not required to accept any legal conclusions included in the petition." *Willis Mgmt.*, 652 F.3d at 242.

"Title 21 U.S.C. § 853, sets forth the procedure by which third parties seeking to recover an alleged interest in forfeited property may obtain judicial resolution of their claim." *United States v. Ribadeneira*, 105 F.3d 833, 834 (2d Cir. 1997); *see also DSI Assocs. LLC v. United States*, 496 F.3d 175, 183 (2d Cir. 2007) (noting that it is "well settled that section 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets—after the preliminary forfeiture order has been

---

[2] On appeal, Church & Dwight abandons arguments raised before the District Court that a stipulated preliminary injunction and a default judgment, both in its civil case, gave rise to a "legal interest," for purposes of standing under 21 U.S.C. § 853(n)(2). Accordingly, those arguments are waived, *see City of Syracuse v. Onondaga Cnty.*, 464 F.3d 297, 308 (2d Cir. 2006), and we do not consider them here.

entered"). 21 U.S.C. § 853(n)(2) provides that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." Under 21 U.S.C. § 853(n)(6),

> [i]f, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that . . . the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section . . . the court shall amend the order of forfeiture in accordance with its determination.

We have held that § 853(n)(2)'s "requirement of 'a legal interest in property,' which is necessary for standing," must be read as identical to "§ 853(n)(6)'s reference to 'a right, title, or interest in the property.'" *Ribadeneira*, 105 F.3d at 835. In other words, the standing inquiry is "identical to one 'on the merits' to determine whether a third party meets the statute's requirements." *DSI Assocs.*, 496 F.3d at 183 n.9. In adjudicating whether a third-party petitioner has standing under the statute, "courts have routinely dismissed third-party petitions without a hearing," where "a petitioner is not able to demonstrate a *prima facie* entitlement to relief." *Pacheco*, 393 F.3d at 351-52.

To determine whether a petitioner has a "legal interest in property" sufficient for standing under § 853(n)(2), we look to the law of the relevant state, in this case, New York. *See Willis Mgmt.*, 652 F.3d at 242. On appeal, Church & Dwight argues that the settlement agreement conferred a "legal interest" under New York law. Specifically, Church & Dwight claims that since the property proceeds were to be held in escrow, pending the issuance of a written directive, Church & Dwight was an escrow beneficiary with legal interests protected by the terms of the escrow agreement and by fiduciary duties imposed upon the escrow agent. We disagree.

5

As the District Court held, the escrow account in this case "essentially [created a] 'standstill' which was clearly designed to neither enhance nor detract from whatever claim to the [property proceeds] Church & Dwight might otherwise have," while its Verified Claim was being adjudicated. *Lin Hu*, 2011 WL 5884918, at *6. Because the condition precedent to Church & Dwight receiving the proceeds—the Government signing a written directive—has not been, and never will be, fulfilled, we hold that Church & Dwight has not demonstrated a *prima facie* entitlement to relief for substantially the same reasons as the District Court below. *See Pacheco*, 393 F.3d at 351.

## CONCLUSION

We have considered all of Church & Dwight's arguments on appeal and find them to be without merit. Accordingly, the District Court's Order of November 22, 2011 is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk