15-2882-cv
*In re 650 Fifth Avenue*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand sixteen.

PRESENT:  JOHN M. WALKER, JR.,
          ROBERT D. SACK,
          DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

                                        15-2882-cv

FIONA HAVLISH, individually and on behalf of the Estate of Donald G. Havlish, Jr., *et al.*, STEVEN M. GREENBAUM, ALAN D. HAYMAN, SHIRLEE HAYMAN, RENAY FRYM, STUART E. HERSH, ABRAHAM MENDELSON, DANIEL MILLER, ELANA ROZENMAN, NOAM ROZENMAN, TZVI ROZENMAN, DEBORAH RUBIN, JENNY RUBIN, DANIEL MILLER, CARLOS ACOSTA, MARIA ACOSTA, TOVA ETTINGER, IRVING FRANKLIN, BARUCH KAHANE, LIBBY KAHANE, NORMAN KAHANE, ETHEL J. GRIFFIN, CIPORAH KAPLAN, ANNA BEER, HARRY BEER, on his own behalf and as Administrator of the Estate of Alan Beer, ESTELLE CARROLL, PHYLLIS MAISEL, JASON KIRSCHENBAUM, ISABELLE KIRSCHENBAUM, on her own behalf and as Executrix of the Estate of Martin Kirschenbaum, JOSHUA KIRSCHENBAUM, DAVID

KIRSCHENBAUM, and DANIELLE TEITLEBAUM,
        *Plaintiffs-Appellees*,

UNITED STATES OF AMERICA,
        *Plaintiff-Counter-Defendant-Appellee*,


                    v.


EDWENA R. HEGNA, Executrix of the Estate of Paul
B. Hegna, CRAIG H. HEGNA, LYNN M. HEGNA
MOORE, PAUL B. HEGNA, STEVEN A. HEGNA,
        *Claimants-Appellants*,


DEBORAH D. PETERSON, Personal Representative,
WILLIAM R. HIGGINS, Higgins, *et al.*, HAVLISH
PLAINTIFFS, RUTH ANN BLAND, FATEMEH
BAYANI, in her Individual Capacity, BANAFSHEH
BAYANI, in her Individual Capacity and as
Representative of the Estate of Siavash Bayani, BABAK
BAYANI, in his Individual Capacity, ESTATE OF
MICHAEL HEISER, ESTATE OF MILLARD D.
CAMPBELL, GARY HEISER, FRANCIS HEISER,
ESTATE OF LELAND TIMOTHY HAUN, IBIS S.
HAUN, MILAGRITOS PEREZ-DALIS, SENATOR
HAUN, ESTATE OF JUSTIN R. WOOD, RICHARD
WOOD, KATHLEEN M. WOOD, SHAWN M. WOOD,
ESTATE OF EARL F. CARTRETTE, JR., DENISE M.
EICHSTAEDT, ANTHONY W. CARTRETTE, LEWIS
W. CARTRETTE, ESTATE OF BRIAN MCVEIGH,
SANDRA M. WETMORE, JAMES V. WETMORE,
ESTATE OF MILLARD D. CAMPBELL, MARIE R.
CAMPBELL, BESSIE A. CAMPBELL, ESTATE OF
KEVIN J. JOHNSON, SHYRL L. JOHNSON, CHE G.
COLSON, KEVIN JOHNSON, NICHOLAS A.
JOHNSON, a minor, by his legal guardian, SHYRL L.
JOHNSON, LAURA E. JOHNSON, BRUCE
JOHNSON, ESTATE OF JOSEPH E. RIMKUS,
BRIDGET BROOKS, JAMES R. RIMKUS, ANNE M.
RIMKUS, ESTATE OF BRENT E. MARTHALER,
KATIE L. MARTHALER, SHARON MARTHALER,
HERMAN C. MARTHALER, III, MATTHEW

2

MARTHALER, KIRK MARTHALER, ESTATE OF THANH VAN NGUYEN, CHRISTOPHER R. NGUYEN, ESTATE OF JOSHUA E. WOODY, DAWN WOODY, BERNADINE R. BEEKMAN, GEORGE M. BEEKMAN, TRACY M. SMITH, JONICA L. WOODY, TIMOTHY WOODY, ESTATE OF PETER J. MORGERA, MICHAEL MORGERA, THOMAS MORGERA, ESTATE OF KENDALL KITSON, JR., NANCY R. KITSON, KENDALL K. KITSON, STEVE K. KITSON, NANCY A. KITSON, ESTATE OF CHRISTOPHER ADAMS, CATHERINE ADAMS, JOHN E. ADAMS, PATRICK D. ADAMS, MICHAEL T. ADAMS, DANIEL ADAMS, MARY YOUNG, ELIZABETH WOLF, WILLIAM ADAMS, ESTATE OF CHRISTOPHER LESTER, deceased, CECIL H. LESTER, JUDY LESTER, CECIL H. LESTER, JR., JESSICA F. LESTER, ESTATE OF JEREMY A. TAYLOR, deceased, LAWRENCE E. TAYLOR, VICKIE L. TAYLOR, STARLINA D. TAYLOR, ESTATE OF PATRICK P. FENNIG, deceased, THADDEUS C. FENNIG, CATHERINE FENNIG, PAUL D. FENNIG, MARK FENNIG, 650 FIFTH AVENUE COMPANY, ALAVI FOUNDATION,
　　　　*Claimants-Appellees*,

SOHRAB VAHABZADEH, DJHANBANI FAMILY MEMBERS, KHOSROWSHAHI FAMILY MEMBERS, KHOSHKISH FAMILY MEMBERS,
　　　　*Claimants*,

ALL RIGHT, TITLE, AND INTEREST OF ASSA CORPORATION, ASSA COMPANY LIMITED, BANK MELLI IRAN IN 650 FIFTH AVENUE COMPANY, INCLUDING BUT NOT LIMITED TO THE REAL ESTATE PROPERTY AND APPURTENANCES LOCATED AT 650 FIFTH AVENUE, NEW YORK, NEW YORK, WITH ALL IMPROVEMENTS AND ATTACHMENTS THEREON, ALL FUNDS FORMERLY ON DEPOSIT AT CITIBANK, N.A., NEW YORK, NEW YORK, IN ACCOUNT NUMBER 78429712, IN THE NAME OF ASSA CORPORATION

3

AND ALL FUNDS TRACEABLE THERETO, ALL FUNDS FORMERLY ON DEPOSIT AT CITIBANK, N.A., NEW YORK, NEW YORK, IN ACCOUNT NUMBER 888165552, IN THE NAME OF ASSA CORPORATION AND ALL FUNDS TRACEABLE THERETO, ALL FUNDS FORMERLY ON DEPOSIT AT JPMORGAN CHASE BANK, N.A., BATON ROUGE, LOUISIANA, IN ACCOUNT NUMBER 2724409590, IN THE NAME OF ASSA CORPORATION, AND ALL FUNDS TRACEABLE THERETO, ALL FUNDS FORMERLY ON DEPOSIT AT JPMORGAN CHASE BANK, N.A., BATON ROUGE, LOUISIANA, IN ACCOUNT NUMBER 725700280, IN THE NAME OF ASSA CORPORATION, AND ALL FUNDS TRACEABLE THERETO, ASSA CORP., 650 FIFTH AVENUE COMPANY, ALAVI FOUNDATION, ASSA CORPORATION, ASSA COMPANY LIMITED, ALAVI FOUNDATION OF NEW YORK, ALL RIGHT TITLE AND INTEREST IN 650 FIFTH AVENUE, ALL RIGHT TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES LOCATED AT 650 FIFTH AVENUE, NEW YORK, NEW YORK WITH ALL IMPROVEMENTS AND ATTACHMENTS THEREON, ALL RIGHT TITILE AND INTEREST IN 2313 SOUTH VOSS ROAD, ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES LOCATED AT 2313 SOUTH VOSS ROAD, HOUSTON, TEXAS 77057, WITH ALL IMPROVEMENTS AND ATTACHMENTS THEREON, ALL RIGHT TITLE AND INTEREST IN 5511 QUEENS BOULEVARD, ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES LOCATED AT 5511 QUEENS BOULEVARD, QUEENS, NEW YORK 11377, BLOCK 1325 LOTS 1,6,7 AND 8 WITH ALL IMPROVEMENTS AND ATTACHMENTS THEREON, ALL RIGHT, TITLE AND INTEREST IN 4836 MARCONI AVENUE, ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES LOCATED AT 4836 MARCONI AVENUE, CARMICHAEL,

CALIFORNIA 95608, WITH ALL IMPROVEMENTS AND ATTACHMENTS THEREON, ALL RIGHT, TITLE AND INTEREST IN 4204 ALDIE ROAD, ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES LOCATED AT 4204 ALDIE ROAD, CATHARPIN, VIRGINIA 201431133 WITH ALL IMPROVEMENTS AND ATTACHMENTS THEREON, ALL RIGHT, TITLE, AND INTEREST IN 4300 ALDIE ROAD, ALL RIGHT, TITLE, AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES LOCATED AT 4300 ALDIE ROAD, CATHARPIN, VIRGINIA 201431133, ALL RIGHT, TITLE AND INTEREST IN 7917 MONTROSE ROAD, ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES LOCATED AT 7917 MONTROSE ROAD, ROCKVILLE, MARYLAND 20854, WITH ALL IMPROVEMENTS AND ATTACHMENTS THEREON, ALL RIGHT, TITLE AND INTEREST IN 8100 JEB STUART ROAD, ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES LOCATED AT 8100 JEB STUART ROAD, ROCKVILLE MARYLAND 20854, WITH ALL IMPROVEMENTS AND ATTACHMENTS THEREON, ALL FUNDS FORMERLY ON DEPOSIT AT CITIBANK, N.A., ALL FUNDS FORMERLY ON DEPOSIT IN ACCOUNT NUMBER 78429712 AT CITIBANK, N.A., NEW YORK, NEW YORK, ALL FUNDS FORMERLY ON DEPOSIT AT CITIBANK, N.A., ALL FUNDS FORMERLY ON DEPOSIT IN ACCOUNT NUMBER 8881654552, AT CITIBANK, N.A., NEW YORK, NEW YORK, ALL FUNDS FORMERLY ON DEPOSIT AT JPMORGAN CHASE BANK, N.A., ALL FUNDS FORMERLY ON DEPOSIT IN ACCOUNT NUMBER 2724409590, AT JPMORGAN CHASE BANK, N.A., BATON ROUGE, LOUISIANA, ALL FUNDS FORMERLY ON DEPOSIT AT JPMORGAN CHASE BANK, N.A., ALL FUNDS FORMERLY ON DEPOSIT IN ACCOUNT NUMBER 725700280 AT JPMORGAN CHASE BANK, N.A., BATON ROUGE, LOUISIANA, ALL FUNDS ON

DEPOSIT AT JPMORGAN CHASE BANK, N.A., ALL FUNDS ON DEPOSIT AT JPMORGAN CHASE BANK, N.A., IN ACCOUNT NUMBER 230484468, HELD IN THE NAME OF 650 FIFTH AVENUE COMPANY, AND ALL FUNDS TRACEABLE THERETO, ALL FUNDS ON DEPOSIT AT JPMORGAN CHASE BANK, N.A., IN ACCOUNT NUMBER 230484476 HELD IN THE NAME OF 650 FIFTH AVENUE COMPANY AND ALL FUNDS TRACEABLE THERETO, ALL FUNDS ON DEPOSIT AT JPMORGAN CHASE B, ALL FUNDS ON DEPOSIT AT STERLING NATIONAL BANK, ALL FUNDS ON DEPOSIT AT STERLING NATIONAL BANK IN ACCOUNT NUMBER 3852524414 HELD IN THE NAME OF ALAVI FOUNDATION AND ALL FUNDS TRACEABLE THERETO, ALL FUNDS ON DEPOSIT AT STERLING NATIONAL BANK, ALL FUNDS ON DEPOSIT AT STERLING NATIONAL BANK IN ACCOUNT NUMBER 3802032201 HELD IN THE NAME OF ALAVI FOUNDATION AND ALL FUNDS TRACEABLE THERETO, ALL FUNDS ON DEPOSIT AT STERLING NATIONAL BANK, ALL FUNDS ON DEPOSIT AT STERLING NATIONAL BANK IN ACCOUNT NUMBER 3802032216 HELD IN THE NAME OF ALAVI FOUNDATION AND ALL FUNDS TRACEABLE THERETO,

    *Defendants-in-Rem.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR CLAIMANTS-APPELLANTS:  RALPH PAUL DUPONT (Barbara J. Dupont, *on the brief*), The Dupont Law Firm, Stamford, Connecticut.

FOR PLAINTIFF-COUNTER-DEFENDANT-APPELLEE UNITED STATES OF AMERICA:  MARTIN S. BELL, Assistant United States Attorney (Michael D. Lockard, Anna M. Skotko, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

[*]  The Clerk of Court is directed to amend the official caption as shown above.

| | |
|---|---|
| FOR CLAIMANTS-APPELLEES ALAVI FOUNDATION AND 650 FIFTH AVE. CO.: | MELISSA R. GINSBERG (Daniel S. Ruzumna, *on the brief*), Patterson Belknap Webb & Tyler LLP, New York, New York. |
| FOR PLAINTIFFS-APPELLEES STEVEN M. GREENBAUM, *et al.*, CARLOS ACOSTA, *et al.*, ANNA BEER, *et al.*, AND JASON KIRSCHENBAUM, *et al.*: | PATRICK N. PETROCELLI (Curtis C. Mechling, James L. Bernard, Nathan H. Stopper, Pamela S. Takefman, *on the brief*), Stroock & Stroock & Lavan LLP, New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the appeal is otherwise **DISMISSED**.

Claimants-appellants Edwena R. Hegna, executrix of the estate of Paul B. Hegna, Steven A. Hegna, Craig H. Hegna, and Lynn Marie Hegna Moore (together, the "Hegna Parties") appeal from a judgment of the district court entered August 11, 2015 pursuant to Federal Rule of Civil Procedure 54(b), granting the government's motion to strike or for summary judgment as to the Hegna Parties' innocent owner defenses to forfeiture and denying the Hegna Parties' motion for summary judgment.[1] The district court explained its reasoning in an opinion and order filed May 15, 2014. The government, claimants-appellees Alavi Foundation ("Alavi") and 650 Fifth Avenue

---

[1] The Hegna Parties also appeal from the district court's October 6, 2014 opinion and order denying their motion to extend their purported judgment lien under New York Civil Practice Law and Rules § 5203(b). Because the district court did not enter final judgment as to the October 6 order, we lack appellate jurisdiction over that aspect of the Hegna Parties' appeal.

7

Company ("650 Fifth Avenue Co."), and the Greenbaum, Acosta, Beer, Kirschenbaum, and certain other groups of judgment creditors, also claimants-appellees, oppose the appeal.[2] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The Hegna Parties hold a judgment from the United States District Court for the District of Columbia against Iran and the Iranian Ministry of Information and Security ("MOIS"), arising out of Iran and MOIS's default in an action relating to the terrorist attack that killed Charles Hegna. The judgment, entered February 7, 2002, provided for $42 million in compensatory damages against Iran and MOIS, and $333 million in punitive damages against MOIS alone. On November 27, 2002, the Hegna Parties registered the judgment in the Southern District of New York. The remaining unpaid amount of their judgment is approximately $33,618,878.86.[3]

On December 17, 2008, the government filed this civil forfeiture action in the district court below seeking forfeiture of property owned by Assa Corporation, Assa Company Limited (together, "Assa"), and Bank Melli Iran ("Bank Melli"), alleging

---

[2] The Greenbaum, Acosta, Beer, and Kirschenbaum judgment creditors filed a brief in opposition to the Hegna Parties' opening brief, which the Rubin, Heiser, Bland, Peterson, Havlish, and Bayani judgment creditors join in whole or in part.

[3] On March 20, 2003, the Hegna Parties applied to the United States Department of the Treasury for payment under the Victims of Trafficking and Violence Protection Act, Pub. L. No. 106-386, 114 Stat. 1464, as amended by section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322. The Hegna Parties received $8,381,121.14 from the Office of Foreign Assets Control and, as a condition to receiving payment, relinquished "all rights and claims to punitive damages awarded in connection with the claim or claims [the Hegna Parties] brought under 28 U.S.C. [§] 1605(a)(7) and any related interest, costs, and attorneys fees."

violations of the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and 18 U.S.C. §§ 1956 and 1957. By amended complaint filed November 12, 2009, the government added properties held by Alavi and 650 Fifth Avenue Co. as defendants *in rem*. The government seeks forfeiture of the interests of Assa, Bank Melli, Alavi, and 650 Fifth Avenue Co. in a 36-story office building located at 650 Fifth Avenue in Manhattan (the "Building"), other real properties in several states, and the contents of several bank accounts (collectively, the "defendant properties"). The parties do not dispute that the Building is owned by 650 Fifth Avenue Co., a partnership between Alavi, a New York not-for-profit organization, and Assa. The government also alleges that the two Assa entities are shell companies controlled by Bank Melli, a bank owned and controlled by the government of Iran.

On September 16, 2013 and April 18, 2014, the district court granted summary judgment, *inter alia*, in favor of the government, forfeiting Assa, Alavi, and 650 Fifth Avenue Co.'s interests in the defendant properties. The district court entered final judgment as to these orders at the request of Alavi and 650 Fifth Avenue Co., who timely appealed. On July 20, 2016, we vacated the district court's judgment after concluding that the record contained disputes of fact regarding Alavi's knowledge of Bank Melli and Iran's ownership of Assa. *In re 650 Fifth Ave. & Related Properties*, 830 F.3d 66, 75 (2d Cir. 2016).

Meanwhile, the Hegna Parties had filed notices in this action below claiming the right to satisfy their outstanding judgment "from the proceeds of the Sale

of all right, title, and interest of [Assa and Bank Melli] in 650 Fifth Avenue Company."

The Hegna Parties assert that they are innocent owners and bona fide purchasers for value of Assa and Bank Melli's assets within the meaning of 18 U.S.C. § 983(d)(2)(A)(i) and (d)(3)(A)(i)-(ii).[4]

The Hegna Parties filed a motion for summary judgment on their claims, which became fully briefed on March 3, 2014, arguing that they were innocent owners of the Building because they purportedly had obtained a judgment lien on all of Iran's real property in New York County.[5] The government opposed the motion and moved to strike the Hegna Parties' innocent owner defenses or, in the alternative, for summary

---

[4] The Hegna Parties took additional steps to enforce and satisfy their judgment outside of the civil forfeiture proceeding. On December 29, 2008, the Hegna Parties obtained a Writ of Execution from the Clerk of Court for the Southern District of New York for "goods and chattels of the Islamic Republic of Iran, its agencies and instrumentalities, including, but not limited to, Bank Melli Iran, Assa Corporation and/or Assa Co Limited (entities owned or controlled, directly or indirectly by Iran) and/or one Mohammad Hassan Dehghani Tafti." The writs were delivered to the U.S. Marshal Service for service on Assa, Alavi, and 650 Fifth Avenue Co. on December 30, 2008.

Separately, on March 27, 2009, the Hegna Parties sought an order to show cause in the district court for the turnover and sale of the Building to satisfy their judgment against Iran and MOIS. Other private judgment creditors of Iran have also filed individual turnover actions against Assa, Alavi, and 650 Fifth Avenue Co. seeking attachment and turnover of their properties to satisfy the creditors' outstanding judgments. The turnover actions, which have been consolidated with the forfeiture action in the district court, generally allege that Assa, Alavi, and 650 Fifth Avenue Co. are sufficiently related to Iran to render their property subject to turnover pursuant to the Foreign Sovereign Immunities Act ("FISA") and the Terrorism Risk Insurance Act ("TRIA"). The Hegna Parties also appeal from several non-final orders entered in their turnover action; we dispose of that appeal in a separate summary order filed today. *See Hegna v. Islamic Republic of Iran*, 15-3007-cv.

[5] At the time the Hegna Parties filed their motion, they had not attempted to extend or renew their judgment lien. They subsequently filed a motion to extend the lien on August 22, 2014, after the district court had denied their motion for summary judgment on their innocent owner defenses; the district court denied the motion to extend the lien on October 6, 2014.

10

judgment. Alavi, 650 Fifth Avenue Co., and several groups of judgment creditor plaintiffs also opposed the Hegna Parties' motion.

On May 14, 2014, the district court issued an opinion and order denying the Hegna Parties' motion and granting the government's motion to strike or for summary judgment on the Hegna Parties' innocent owner defenses. The district court held that the Hegna Parties did not qualify as innocent owners of the building because they lacked an ownership interest in the Building. In so holding, the district court noted that (1) the Hegna Parties held judgments against Iran and MOIS, who were not the record owners of the Building, (2) the Hegna Parties claimed an interest only in personal property, against which their judgment could not create a lien, and (3) any judgment lien they once held had expired. The district court further concluded that, even if the Hegna Parties did hold a valid ownership interest in the Building, they could not avail themselves of the innocent owner defense because any property interest they held did not predate the illegal activity giving rise to the forfeiture and they did not acquire any interest in the Building as bona fide purchasers for value.

After the district court denied the Hegna Parties' motion for reconsideration of its decision, the Hegna Parties filed a motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b), requesting that the district court "certify their innocent owner defenses to forfeiture for immediate appeal." App. at 382. The district court granted the Hegna Parties' motion, and they timely appealed.

We review a district court's grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't,* 706 F.3d 120, 127 (2d Cir. 2013) (per curiam).[6] "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff,* 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

If a claimant in a civil forfeiture can show that it is an innocent owner of the property to be seized, that property will not be forfeited. 18 U.S.C. § 983(d)(1). The claimant must prove that it is an innocent owner by a preponderance of the evidence. *Id.* For purposes of the innocent owner defense, an owner is "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest" and not, *inter alia*, a "person with only a general unsecured interest in, or claim against, the property or estate of another." *Id.* § 983(d)(6).

Section 983(d) classifies innocent owners by whether their property interest was in existence when the illegal conduct giving rise to the forfeiture took place. If the interest already existed, a claimant qualifies as an innocent owner if the claimant was unaware of the conduct or, "upon learning of the conduct giving rise to the

---

[6] Because we conclude that there are no material fact disputes and the government is entitled to judgment as a matter of law on the Hegna Parties' innocent owner defenses, we do not separately consider their claims under the standard for a motion to strike.

forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." *Id.* § 983(d)(2)(A). If the property interest was acquired after the illegal conduct took place, the claimant must have been a "bona fide purchaser or seller for value" who "did not know and was reasonably without cause to believe that the property was subject to forfeiture." *Id.* § 983(d)(3)(A).

On appeal, the Hegna Parties argue principally that their judgment against Iran and MOIS functions as a lien against the Building. That judgment, however, is not against 650 Fifth Avenue Co., the entity that owns the Building; thus, it does not create a legal interest in the Building. *See United States v. Ribadeneira*, 105 F.3d 833, 836 (2d Cir. 1997) ("[A]n interest 'in' property must be an interest in a particular, specific asset, as opposed to a general interest in an entire forfeited estate or account."). The Hegna Parties cite no authority for their claim that "the 650 Fifth Ave. Co. partnership is ignored under New York partnership law" such that the Hegna Parties' judgment lien would attach to Assa and Alavi's interests in the Building. Appellants' Br. at 10-11. Because the Hegna Parties lack a specific property interest in the defendant properties, they are general creditors who cannot be owners for the purposes of the innocent owner statute. 18 U.S.C. § 983(d)(6)(B)(i).[7]

Furthermore, any ownership interest that the Hegna Parties once held has since expired under New York law. *See* N.Y. C.P.L.R. 5203(a) (explaining that a

---

[7]    To the extent the Hegna Parties assert that they are innocent owners of unidentified personal property held by Alavi and Assa as a result of the writs of execution served in December 2008, that argument has been waived as it is raised for the first time on appeal. *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 163 (2d Cir. 2011).

judgment lien is effective until "ten years after filing of the judgment-roll").  As noted above, there is no evidence on this record suggesting that the Hegna Parties ever sought renewal under the mechanism outlined in N.Y. C.P.L.R. 5014(3), which permits judgment creditors to apply for a renewal of their judgment liens in the year prior to expiration of the ten years.  The Hegna Parties' argument that the post-complaint protective order in the forfeiture action extends or somehow excuses the expiry of their judgment lien is baseless.

Finally, the Hegna Parties appeal the district court's approval of a settlement agreement between the government and several groups of judgment creditors, which provides for the pro rata distribution of proceeds to the judgment creditors who are parties to the agreement from any defendant properties that are ultimately forfeited in the civil action.  Because the Hegna Parties did not challenge the settlement agreement in the district court, this argument is waived.  *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 163 (2d Cir. 2011).  Moreover, we lack appellate jurisdiction to consider the argument as it is not covered by the district court's Rule 54(b) judgment.[8]

We have considered all of the Hegna Parties' remaining arguments and find them to be without merit.  Accordingly, for the reasons stated above, we **AFFIRM**

---

[8]     In contesting the settlement agreement, the Hegna Parties argue that their claims under the Terrorism Risk Insurance Act take priority over the government's forfeiture claims, an argument they also make in the appeal in their turnover action.  We also lack jurisdiction to consider this argument as it has never been presented to the district court and is not the subject of an appealable order.

the judgment of the district court certified to this court pursuant to Federal Rule of Civil

Procedure 54(b) and **DISMISS** the remainder of the appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk